**ORIGINAL**

# In the United States Court of Federal Claims
No. 12-840 C
(Filed December 11, 2013)

| | |
|---|---|
| JACOB OBERSTEIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**FILED**

DEC 1 1 2013

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On April 5, 2013, the government filed a motion seeking judgment on the administrative record and partial dismissal of plaintiff's complaint. *See* Doc. 16. Also currently pending on the docket is plaintiff's motion, dated September 19, 2013, to seal an order of this court that was entered on March 12, 2013. *See* Docs. 27 and 10, respectively. The court will address each motion in turn.

### I. MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND PARTIAL MOTION TO DISMISS

The government argues that the court should adopt the decision of the Board for Corrections of Naval Records ("BCNR") and grant its motion for judgment on the administrative record because "the administrative record in this case substantially supports the BCNR's decision and establishes that the decision was not arbitrary, capricious, or contrary to law." Doc. 16 at 35. Plaintiff, of course, disagrees. *See* Doc. 19 at 11-19. Two instructions relating to promotion of officers to Lieutenant (junior grade) are at the center of the dispute: (1) SECNAVINST 1421.4D, a regulation which was in force at the time that plaintiff enrolled in the Uniformed Services University of Health Sciences ("USUHS"), and (2) SECNAVINST 1412.6L, which replaced 1421.4D on December 9, 2005, before plaintiff was disenrolled from USUHS on June 5, 2007. *See* Compl. at ¶¶ 8-10, 14.

SECNAVINST 1412.6L differs significantly from SECNAVINST 1421.4D, in part because the earlier instruction specifically addresses, and expressly applies to, "officers in the Uniformed Services of the University Health Sciences (USUHS) program . . ." SECNAVINST 1421.4D(3). The later instruction does

not expressly address officers at USUHS, but states that it applies to "all ensigns on the Active Duty List (ADL) and Reserve Active Status List (RASL) of the Navy . . ." SECNAVINST 1412.6L(3)(a).

As an initial matter, the BCNR's decision seems to assume that the earlier instruction is inoperative, even though it was in force at the time plaintiff enrolled at USUHS. If a specific, reasoned determination was made as to retroactive application of the later instruction, the BCNR did not include that discussion in its decision.

Assuming the later instruction is the relevant one with respect to plaintiff's status, in order to determine whether the new instruction applies to plaintiff, the BCNR should have determined whether and for which periods plaintiff was on either the ADL or the RASL. If such a determination was made, it was not explicit in the BCNR's decision. The BCNR observes "that Secretary of the Navy Instruction (SECNAVINST) 1421.4D . . . was canceled by SECNAVINST 1421.6L [sic], dated 9 December 2005, which does not apply to USUHS officers as SECNAVINST 1421.4D did." BCNR decision letter, dated October 21, 2010, Compl. at Ex. 1-1. While it is true that 1412.6L does not apply to USUHS officers in the same way that 1421.4D did, it does not necessarily follow that the new instruction does not apply to plaintiff at all.

The parties seem to agree that plaintiff was not on the ADL during his time at USUHS. *See* Doc. 19 at 11 (plaintiff states he joined the ADL on December 22, 2009); *see* Doc. 16 at 39 (defendant argues that plaintiff was not on the ADL before his disenrollment from USUHS). Plaintiff contends, however, that 1412.6L applies to him because he was on the RASL from 2004 to 2009. *See* Doc. 19 at 11. In reply, the government argues that plaintiff was on the RASL for some period of time, but was removed by operation of law when code section 10 U.S.C. § 2114, relating to the status of USUHS students, was revised, effective May 1, 2005. *See* Doc. 21 at 3. The basis for the government's contention that such a status change occurred by operation of law does not have direct support in the statutory text, and therefore, is not as self-evident as the government argues.

Plaintiff's inclusion on either the ADL or the RASL is a matter of fact that should be supported, one way or the other, by his personnel records. Plaintiff points the court to his Officer Data Card in the administrative record, AR at 10-11, in support of his position. This document, and any other evidence of plaintiff's status either was or should have been considered by the BCNR in making its initial determination on plaintiff's case.

Because these findings were not included in the BCNR's written decision, this matter is remanded to the BCNR for further consideration under Court of Federal Claims Rule 52.2.

Specifically, the BCNR is directed to:

(1) determine whether SECNAVINST 1421.4D continued to apply to plaintiff because it was in effect when he was enrolled at USUHS, or alternatively, whether SECNAVINST 1412.6L was meant to apply retroactively, and explain the basis for the conclusion;

(2) determine whether, and on what dates, plaintiff was on the ADL;

(3) determine whether, and on what dates, plaintiff was on the RASL;

(4) make any further determinations that it considers relevant; and

(5) reconsider its decision on plaintiff's promotion in light of these conclusions.

This matter is hereby **REMANDED** for a period not to exceed 120 days from the date of this order. The government shall file a status report on the BCNR proceedings no later than 60 days of the date of this order. Pending the remand decision, all proceedings in this court are **STAYED**. The government's motion for judgment on the administrative record and motion to dismiss are **DENIED**, but may be refiled if appropriate grounds exist following the BCNR's reconsidered decision.

## II.  MOTION TO SEAL

Plaintiff's motion to seal this court's March 12, 2013 order was filed more than six months after the order was entered. As such, his attempt to protect the information contained in that order is far too late to have any measurable effect. Plaintiff's motion is, therefore, **DENIED**.

In accordance with Court of Federal Claims Rule 52.2(b)(2), the clerk is directed to serve a certified copy of this order on each party and on the Board for Corrections of Naval Records. The clerk is further directed, under 52.2(c), to transmit the administrative record to the Department of Justice for return to the Board for Corrections of Naval Records.

James F. Merow
Senior Judge