FILED

MAR 2 7 2015

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JACOB OBERSTEIN, )
)
    Plaintiff, )
)
v. ) No. 12-840C
) (Senior Judge Merow)
THE UNITED STATES, )
)
    Defendant. )

## MOTION TO SEAL PORTIONS OF THE RECORD

Plaintiff, Jacob Oberstein, pro se, respectfully moves this Court, for leave to seal portions of the record, and if granted, that the Court accept for filing the attached public versions of documents containing the redaction of false and sensitive information. On August 20, 2013, this Court ordered the filing of a redacted version of the complaint which plaintiff filed on September 19, 2013. As this Court is aware, the parties have been working toward resolution of this matter and have agreed to an offer in principle as of March 16, 2015. Defendant has indicated that it does not object to plaintiff's request to seal the specified documents or to the proposed redacted public versions of such documents.[1]

Plaintiff seeks redaction of information contained in the following filings:

1. Dkt No. 4 (Exhibit A)
2. Dkt No. 6 (Exhibit B)
3. Dkt No. 8 (Exhibit C)
4. Dkt No. 10 (Exhibit D)
5. Dkt No. 14 (Exhibit E)
6. Dkt No. 16 (Exhibit F)

---

[1] Defendant provided such consent in an email dated March 17, 2015.

7. Dkt No. 18 (Exhibit G)

8. Dkt No. 20 (Exhibit H)

9. Dkt No. 22 (Exhibit I)

10. Dkt No. 23 (Exhibit J)

Plaintiff seeks that information in certain filings be redacted for the following reasons. This Court generously ordered the redaction of the original complaint which removed plaintiff's former counsel's inclusion of false and privileged information in that document without plaintiff's consent. Unfortunately, portions of false and privileged information appeared in subsequent filings, namely those filings that are included in this request. The proposed redactions brought forth in this motion focus only on the limited amount of statements that serve to allude to the public false information regarding purported reasons for plaintiff's disenrollment from the USUHS program and fabricated claims of conditions that cast doubt on plaintiff's capabilities. Many of these proposed redactions reference inappropriate comments in the original complaint that have since been removed from the record. Therefore, the only access offered to the public to this false information is through subsequent filings, which plaintiff now seeks to fairly limit.

Additionally, the omission of these items is supported as, "courts have refused to permit their files to serve as reservoirs of libelous statements…or as sources of…information that might harm a litigant's competitive standing." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). Courts should "consider the degree to which the subject matter is traditionally considered private rather than public…family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial

portion of the public." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "The court should consider the reliability of the information…unverified information should not be as readily disclosed as matters that are verified." *Id.*

Lastly, plaintiff has conveyed to the Government the tangible nature of the continued and quantifiable harm that has stemmed from his former counsel's violations of professional conduct and the resulting discussions that ensued in this Court. Plaintiff acknowledges that retrospectively, he would have addressed this predicament in a different manner had he had a better understanding of how to handle such legal matters. Plaintiff respectfully requests a pardon for invoking the need for additional redactions by making note in some of his previous filings of the information he now seeks to remove from the record, and believes that leniency is appropriate given plaintiff's appearance in this matter as a pro se litigant.

Plaintiff would like to move forward with an amicable resolution of this matter, including removing from the public domain such information that, as this Court and all parties know from prior filings, was improperly disclosed, false, and privileged.

For the foregoing reasons, plaintiff respectfully requests that this Court permit the filing of redacted versions of the above documents as provided.

Respectfully submitted,

Dated: March 27, 2015

Jacob Oberstein
*Pro Se*
10101 Grosvenor Pl., Apt. 904
Rockville, MD 20852
Tel: (347) 526-4399
Email: Jacob.Oberstein@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Seal Portions of the Record in the above-captioned matter was served on Defendant, United States, on March 27, 2015, via U.S. first-class mail to:

Kathryn E. Witwer
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

_____
JACOB OBERSTEIN
*Plaintiff, Pro Se*
10101 Grosvenor Pl., Apt. 904
Rockville, MD 20852
Tel: (347) 526-4399
Email: Jacob.Oberstein@yahoo.com