# Exhibit J

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JACOB OBERSTEIN,                      )
                                      )
              Plaintiff,              )
                                      )
       v.                             )       No. 12-840C
                                      )       (Senior Judge Merow)
THE UNITED STATES,                    )
                                      )
              Defendant.              )

FILED
JUN 13 2013
U.S. COURT OF
FEDERAL CLAIMS

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Rules 7.2 and 15 of the Rules of the United States Court of Federal Claims

(RCFC), defendant, the United States, respectfully submits this opposition to the motion of

plaintiff, Jacob Oberstein, for leave to file an amended complaint in this matter. For the reasons

set forth below, plaintiff's motion should be denied.

## INTRODUCTION

Mr. Oberstein seeks leave to amend his complaint, despite the parties having already

fully briefed three motions in this matter, including the Government's pending dispositive

motion. In essence, Mr. Oberstein seeks to use his intended – but, as yet unspecified –

amendments (and, in fact, this motion) as an improper surreply to our motion. However, the

intended amendments would be futile. They simply do not relate to the issues raised in our

RCFC 12(b)(6) motion. To the extent that they relate to issues raised in our RCFC 52.1 motion,

Mr. Oberstein was free to present them when responding to our motion. Granting leave now

would prejudice the Government. Moreover, Mr. Oberstein unduly delayed his request. Finally,

at minimum, this Court should wait to see an amended complaint before granting leave to file.

In any event, Mr. Oberstein fails to demonstrate that "justice so requires" that this Court grant

him leave to amend.

## BACKGROUND

Mr. Oberstein, through his now-former counsel, filed his complaint on December 5, 2012. One month later, he moved for a protective order in this case, seeking to redact his name from public documents related to this case. This Court denied that motion on March 12, 2013. (Dkt. No. 10.) On April 3, 2013, after firing his counsel and opting to proceed *pro se*, Mr. Oberstein moved for reconsideration of the Court's denial of a protective order. In that motion, he alleged that his former counsel included "false and confidential information" in the complaint without Mr. Oberstein's knowledge or consent. (Dkt. No. 14, at 1-3.) In our response, we noted that Mr. Oberstein had made no attempt to amend his complaint, despite these supposed falsehoods. (Dkt. No. 18, at 3.) In his May 3, 2013 reply, Mr. Oberstein indicated, for the first time, his intent to seek leave to amend. (Dkt. No. 20, at 10.) He added that "[f]or *over a year prior* to former counsel's filing of the Complaint, [he] repeatedly inquired as to the status of the case and requested a copy of the draft complaint for review prior to filing." (*Id.* at 4 (emphasis added).) He claimed to be "in disbelief that former counsel released the Complaint without plaintiff's review." (*Id.*) He does not specify when he first saw the complaint as filed.

Two days after Mr. Oberstein filed his motion for reconsideration, we filed a motion for judgment upon the administrative record, pursuant to RCFC 52.1, and for partial dismissal, pursuant to RCFC 12(b)(6). *See* Defendant's Motion For Judgment Upon The Administrative Record And Motion For Partial Dismissal Of Plaintiff's Complaint (Def. Mot.). Briefing on our motion concluded on May 23, 2013, with the filing of our reply. *See* Defendant's Reply To Plaintiff's Response To Motion For Judgment Upon The Administrative Record And Motion For Partial Dismissal Of Plaintiff's Complaint (Def. Reply).

In the instant motion, Mr. Oberstein does not attach a proposed amended complaint.

Rather, he "requests [90] days to amend the complaint, so that he may find competent counsel to assume representation in this case." *See* Motion For Leave To File Amended Complaint (Pl. Mot.) at 8.  In lieu of supplying a proposed amended complaint, Mr. Oberstein indicates his intent to "remove false and defamatory information" from the complaint, and to "significantly simplify" or "clarify" issues and claims raised in the complaint. *See generally id.* at 4-7.  Mr. Oberstein "does not seek to add facts" to the complaint. *Id.* at 3.[1]

## ARGUMENT

### I.   STANDARD OF REVIEW

After an answer or an RCFC 12 motion is served, a plaintiff must obtain consent from the adverse party or "leave of court" to amend its complaint.  RCFC 15(a).  This Court has discretion to grant or deny leave. *Wolfchild v. United States*, 101 Fed. Cl. 54, 64 (2011).  Though the Court "should freely give leave when justice so requires," *see* RCFC 15(a)(2), such leave "should not be given automatically." *Cebe Farms, Ind. v. United States*, No. 05-965, 2012 U.S. Claims LEXIS 38, at *2 (Fed. Cl. Jan. 31, 2012).  This Court may properly deny leave for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Christofferson v. United States*, 77 Fed. Cl. 361, 363 (2007). *Any* of these criteria is sufficient to deny leave, for "the amendment would not be necessary to serve the interests of justice under the circumstances." *Spalding & Son, Inc. v. United States*, 22 Cl. Ct. 678, 680 (1991).

---

[1] Throughout his motion (especially within its footnotes), Mr. Oberstein makes assorted arguments pertaining to our dispositive motion. *See* Pl. Mot. at 4-7.  Insofar as these amount to a surreply, for which Mr. Oberstein did not seek leave to submit, this Court should disregard them.

## II.   MR. OBERSTEIN'S INTENDED AMENDMENTS WOULD BE FUTILE

This Court should deny Mr. Oberstein's motion, because the intended amendments, as described by Mr. Oberstein, would be futile. *See Wolfchild*, 96 Fed. Cl. at 327. An amendment is futile if, consistent with RCFC 12(b)(6), it "fails to state a claim upon which relief can be granted." *Id.* "A party faced with a possible denial based on futility . . . must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion.'" *Fernandez de Iglesias v. United States*, 96 Fed. Cl. 352, 362 (2010). Mr. Oberstein fails to "proffer sufficient facts" to survive our pending dispositive motion. Indeed, by his own admission, Mr. Oberstein "does not seek to add facts" to the complaint. Pl. Mot. at 3. Accordingly, this Court should deny him leave to amend the complaint.

Though he does not supply a proposed amended complaint, Mr. Oberstein describes in his motion how he would amend the complaint – namely, that he would:  (1) "remove false and defamatory information such as allegations of ▮▮▮▮▮▮▮▮▮ and reasons for [his] disenrollment"; (2) correct his military status; (3) "succinctly capture the BCNR's [Board for Correction of Military Record's] arbitrary and capricious actions"; (4) "clarify that the BCNR blatantly made false claims"; (5) "clarify claims surrounding [the] BCNR's failed obligation to provide plaintiff with an opportunity to comment" on an advisory opinion; (6) "properly claim that the BCNR failed to explain why it refused to adopt" other correction board decisions; and (7) "clarify the monetary relief sought." *See id.* at 4-7.

However, these intended amendments have *no* bearing on our pending RCFC 12(b)(6) motion. In that motion, we argued that Mr. Oberstein's claim of a "clear-cut legal entitlement" to his requested promotions is "not justiciable and thus not susceptible to judicial review." *See* Def. Mot. at 20-24. Mr. Oberstein fails to demonstrate how the intended amendments in any

way amend or clarify that claim,[2] or how they relate to whether that claim presents a justiciable question for this Court. Accordingly, he fails to "proffer sufficient facts" to survive our pending RCFC 12(b)(6) motion. *See Fernandez de Iglesias*, 96 Fed. Cl. at 362.

The intended amendments would be similarly futile with respect to our pending RCFC 52.1 motion. That motion draws upon facts as they exist *in the administrative record* – not the complaint. Though the intended amendments relate to issues raised in our RCFC 52.1 motion, they have *no* bearing on the facts presented therein, because amending the complaint would not change the administrative record. Moreover, in that motion, we argued that the administrative record substantially supports that the BCNR's decision was not arbitrary, capricious, or contrary to law.[3] *See* Def. Mot. at 10-19. As to the issues that Mr. Oberstein seeks to "simplify" or "clarify," he was free to present those issues – or any other challenge to the BCNR's decision – in his response (which *he* filed *pro se*). (*See* Dkt. No. 19.) To the extent that Mr. Oberstein did not discuss these issues in his response, the time for presenting them to the Court has passed – unless he intends to request that this Court accept additional briefing on our motion. Absent such a request (which Mr. Oberstein has not yet made), amending the complaint would have no bearing on the fully-completed briefs. However, any such request would clearly prejudice the

---

[2] As we noted in our reply, Mr. Oberstein's response did not discuss his claim of a "clear-cut legal entitlement" to his requested promotions. *See* Def. Reply at 9-10. As we also previously discussed, Mr. Oberstein has no such "clear-cut legal entitlement." *See Driscoll v. United States*, 67 Fed. Cl. 22, 26-27 (2005); Def. Mot. at 24; Def. Reply at 9 n.9. He received no service credit for his medical schooling, which he failed to complete. *See* Def. Mot. at 4-5, 13-14. And, even if he were entitled to such credit, he has not demonstrated that he "was entitled to promotion as a matter of law" – thus depriving this Court of authority to review his claim. *See Alonge v. United States*, 30 Fed. Cl. 519, 521 (1994).

[3] Mr. Oberstein's intended amendments regarding the "monetary relief sought" and his military status undoubtedly relate to this Court's jurisdiction. However, we did not dispute that this Court possesses jurisdiction over Mr. Oberstein's claims. *See* Def. Mot. at 10.

Government, because we have already expended significant resources to complete briefing based upon the original complaint. In any event, nothing Mr. Oberstein might add *to the complaint* could change the posture of this case, and the only result would be unnecessary delay. *See Principal Life Ins. Co. & Subs. v. United States*, 75 Fed. Cl. 32, 33 (2007) (denying leave to amend to add counterclaims that "would undoubtedly set off a new waive [sic] of motions").

Accordingly, given the futility of the intended amendments, this Court should deny Mr. Oberstein leave to amend.

## III.   MR. OBERSTEIN HAS UNDULY DELAYED SEEKING LEAVE TO AMEND

Additionally, this Court should deny leave to amend, because Mr. Oberstein has unduly delayed his request. "Delay alone, even without a demonstration of prejudice, has . . . been sufficient grounds to deny amendment of pleadings." *L-3 Commc'ns Integrated Sys., L.P. v. United States*, No. 06-396, 2011 U.S. Claims LEXIS 516, at *11 (Fed. Cl. Apr. 6, 2011). A significant delay "may be unjustified when the party seeking leave delayed despite having relevant information to make the new allegations." *Id.*; *see also Christofferson*, 77 Fed. Cl. at 365 (finding no reasonable delay where facts were "known from the beginning").

Before Mr. Oberstein filed this motion, *the parties had fully briefed three other motions*: (1) his motion for a protective order; (2) his motion for reconsideration of the Court's denial of a protective order; and (3) our dispositive motion. A motion's mere timing, especially where a dispositive motion has been fully briefed, "weighs heavily against allowing leave." *Schlacter-Jones v. Gen. Tel. of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds*, *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001); *see also Kalos v. United States*, 368 F. App'x 127, 131 (Fed. Cir. 2010) (finding no abuse of discretion where trial court denied leave to amend complaint, which "would have resulted in delay," and where motion to

dismiss was pending).  Mr. Oberstein only exacerbates his late request by requesting "90 days to

. . . find competent counsel" to amend the complaint on his behalf.  *See* Pl. Mot. at 8.

Mr. Oberstein attempts to focus this Court's attention upon events occurring after he fired

his former counsel on March 26, 2013.  *See id.* at 1-2.  However, Mr. Oberstein was in position

much earlier to seek the recourse that he now seeks.  This motion comes *seven months* after the

complaint was filed – and *four months before Mr. Oberstein fired his counsel*.  Mr. Oberstein

does not specify when he first learned that the complaint was filed, but he noted in his

reconsideration reply that "[o]nce the Complaint was filed, plaintiff was in disbelief that former

counsel released the Complaint without plaintiff's review." (Dkt. No. 20, at 4.)  Thus, Mr.

Oberstein appears to have had some knowledge about the complaint's contents *well before* firing

his counsel,[4] and he could have sought recourse before the parties *fully briefed three motions*.

Even had Mr. Oberstein responded reasonably to the alleged actions or inaction by his

former counsel, the scope of the intended amendments greatly exceeds that which he initially

identified.  In his reconsideration motion, Mr. Oberstein identified only *three* supposed

inaccuracies in the complaint:  (1) he was still on active duty in 2013; (2) he was disenrolled

from medical school "for ███████████████████████████"; and (3) he has a

learning disability. (Dkt. No. 14, at 3-5.)  Now, Mr. Oberstein seeks not only to correct those

supposed falsehoods, but *also* to incorporate numerous arguments and allegations about the

---

[4] In his reconsideration reply, Mr. Oberstein claimed that, for *more than a year*, he "repeatedly inquired as to the status of the case and requested a copy of the draft complaint for review prior to filing." (Dkt. No. 20, at 4.)  Though Mr. Oberstein cites this claim as support for how his former counsel deceived him, it also demonstrates that he should have discovered contents of the complaint much sooner.  Moreover, even assuming as true his claim of "disbelief" as to the complaint's contents, Mr. Oberstein should have demanded immediate corrective action from his former counsel – rather than wait for almost seven months.

BCNR's decision. Indeed, this motion marks Mr. Oberstein's *first* indication of a desire to make such additional amendments. Requests for leave to amend do not "grant a party the right to flout the [RCFC], which were promulgated to assure proper notice to litigants and an orderly system of justice." *Enron Fed. Solutions, Inc. v. United States*, 80 Fed. Cl. 382, 410-11 (2008) (denying leave to amend where party requested leave when responding to dispositive motion).

Notwithstanding Mr. Oberstein's apparent dispute with his former counsel, Mr. Oberstein has indisputably "known from the beginning" the facts in this case. *See Christofferson*, 77 Fed. Cl. at 365. As discussed above, the intended amendments relate exclusively to our RCFC 52.1 motion. Though we filed the administrative record in this matter on April 8, 2013, Mr. Oberstein and his former counsel have possessed the record materials for much longer. Indeed, the record reflects materials that were before the BCNR, to which Mr. Oberstein petitioned for relief on August 23, 2010. *See* AR 24-26 (BCNR petition, including list of materials upon which it relies).[5] The BCNR issued a decision on October 21, 2010, and denied Mr. Oberstein's reconsideration request on April 27, 2011. AR 2-3, 16-18. Mr. Oberstein (or his counsel) easily could have incorporated the intended amendments into the original complaint.[6] Similarly, Mr. Oberstein (acting *pro se*) was free to discuss them when responding to our dispositive motion. Given that those opportunities have long passed, Mr. Oberstein fails to demonstrate how amending the complaint at this late stage is appropriate. *See, e.g., Hays v. United States*, 16 Cl. Ct. 770, 771 (1989) (denying leave to amend where reason for not including proposed

---

[5] As with our prior briefings, citations to "AR __" refer to the administrative record.

[6] Indeed, as to the intended amendment regarding "claims surrounding [the] BCNR's failed obligation to provide plaintiff an opportunity to comment on [an] advisory opinion," Mr. Oberstein notes that those claims "were clearly discussed with former counsel." Pl. Mot. at 5.

amendment in original complaint was that plaintiff's counsel "didn't think of it").

Thus, given Mr. Oberstein's undue delay, this Court should deny his request for leave.

### IV.   MR. OBERSTEIN FAILED TO SUBMIT A PROPOSED AMENDED PLEADING

Finally, granting leave to amend at this time is inappropriate, because Mr. Oberstein fails

to attach an actual amended complaint to his motion.  A copy of the proposed amended pleading

must be submitted with a motion for leave – otherwise, "it is impossible to determine whether

justice requires that the amendment be granted."  *Clonlara, Inc. v. Runkel*, 722 F. Supp. 1442,

1449 (E.D. Mich. 1989); *see also, e.g., United States ex rel. Atkins v. McInteer*, 470 F.3d 1350,

1362 (11th Cir. 2006); *Lambertson v. Utah Dep't of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996);

*Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985).  Admittedly, Mr. Oberstein

proffers generalized descriptions of his intended amendments, but he indisputably fails to

provide a proposed amended pleading.  Even if the Court is inclined to conclude that "justice so

requires" that Mr. Oberstein be granted leave to amend, this Court nonetheless should hold this

motion in abeyance, pending Mr. Oberstein's actually submitting an amended pleading for this

Court's review.  *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984).

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that this Court deny

plaintiff's motion for leave to file an amended complaint.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

STEVEN J. GILLINGHAM
Assistant Director

DANIEL G. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC  20044
Tel:  (202) 616-9322
Fax:  (202) 307-0972
Danny.Kim@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

Maj SEAN D. SCHROCK, USMC
LT MATTHEW ROUSH, JAGC, USN
Office of the Judge Advocate General
General Litigation Division (Code 14)
U.S. Department of the Navy
1322 Patterson Avenue SE, Suite 3000
Washington Navy Yard, DC  20374

June 12, 2013

10

## CERTIFICATE OF FILING AND SERVICE

I hereby certify under penalty of perjury that on June 12, 2013, I caused to be served by

United States mail (First-Class, postage prepaid), a copy of "DEFENDANT'S OPPOSITION TO

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT," to the

address listed below:

JACOB OBERSTEIN
10101 Grosvenor Place, Apt. 904
Rockville, MD  20852
Tel:  (347) 526-4399



# Department of Defense
# DIRECTIVE

NUMBER 1312.3

October 21, 1996

Certified Current as of November 21, 2003

USD(P&R)

SUBJECT: Service Credit for Commissioned Officers

References: (a) DoD Directive 1312.3, subject as above, October 22, 1985 (hereby canceled)
  (b) Title 10, United States Code
  (c) DoD Directive 1300.4, "Inter-Service Transfer of Commissioned Officers," April 2, 1984
  (d) DoD Directive 1320.7, "Grades, Promotion Policies, Age, and Authorized Strengths in Grade for Medical and Dental Officers, September 29, 1993
  (e) DoD Directive 1312.2, "Entry Grade Credit for Health Services Officers," October 4, 1989

## 1. REISSUANCE AND PURPOSE

This Directive:

1.1. Reissues reference (a).

1.2. Implements Section 533 of reference (b) to update policies and procedures governing the granting of service credit to persons upon appointment, designation, or assignment as Regular commissioned officers, except those in health professions.

1.3. Implements Section 12207 of reference (b) to establish policies and procedures governing the granting of service credit to persons upon original appointment, designation, or assignment as a Reserve commissioned officer, except those in the health professions.

1

*DODD 1312.3, October 21, 1996*

2. APPLICABILITY AND SCOPE

This Directive:

    2.1. Applies to the Office of the Secretary of Defense, the Military Departments, the Chairman of the Joint Chiefs of Staff, and the Defense Agencies.

    2.2. Does not apply to inter-Service transfers under Section 716 of reference (b), except as provided in reference (c); to the appointment of Reserve commissioned officers as Regular commissioned officers under Section 533(f) of reference (b); and to the appointment of commissioned officers designated for limited duty under Section 5589 or 5596 of reference (b).

3. DEFINITIONS

Terms used in this Directive are defined in enclosure 1.

4. POLICY

    4.1. General.  It is the policy of the Department of Defense that the award of service credit to any person being appointed, assigned, or designated as a commissioned officer in an officer category shall be equitably determined to establish an appropriate appointment grade and date of rank relative to other officers in the same competitive category.

    4.2. Entry Grade Credit.  The entry grade and date of rank or promotion service credit in grade of a commissioned officer (other than a health professional officer) shall be determined by the entry grade credit awarded upon appointment.  The entry grade credit that is awarded shall be the sum of the prior commissioned service allowed and the amount of constructive service credit allowed.  A period of time shall be counted only once when computing credit.

    4.2.1. Prior Active Commissioned Service Credit.  Credit for prior service as a commissioned officer may not exceed 1 year for each year of the following:

        4.2.1.1. Active duty commissioned service or commissioned service in an active status (except as a commissioned warrant officer) including periods of active duty for training.

*DODD 1312.3, October 21, 1996*

4.2.1.2.  Commissioned service in an active status while participating in a program leading to appointment in a specialty in which constructive service is awarded or in the specialty in which being appointed, designated, or assigned.  An officer who completes a program that would qualify for credit under subparagraph 4.2.2.4., below, while in an active status, may be credited with constructive credit in the amount of the difference between the officer's service in an active status and the amount of time normally required to complete the program.  The length of such a program shall be the number of years (to the nearest year) normally required to complete the advanced education or receive the advanced degree in accordance with 10 U.S.C. 533 and 12207 (reference (b)).

4.2.1.3.  Commissioned service (except as a commissioned warrant officer) in an active status, but not on active duty, for persons appointed as Reserve commissioned officers.

4.2.2.  Constructive Service Credit.  The purpose of constructive service credit is to provide grade and date of rank comparability for a person who begins commissioned service after obtaining the additional education, training, or experience required for appointment, designation, or assignment as a commissioned officer in a professional field relative to a contemporary who began commissioned service immediately after obtaining a baccalaureate degree.  Constructive service credit shall be determined in accordance with the following guidelines.

4.2.2.1.  A period of time shall be counted only once when computing constructive service credit.

4.2.2.2.  Periods of time spent in an active status as a commissioned officer or on active duty may not be counted when computing constructive service credit, except the Secretary of the Military Department concerned may award constructive service credit for advanced education or an advanced degree when an officer completes the advanced education, or receives the advanced degree in an active status or while on active duty in less than the number of years normally required to complete such advanced education or receive such advanced degree.  Constructive service credit may be awarded only if such education or advanced degree is required as a prerequisite for appointment as a commissioned officer in a particular officer category, and only to the extent that the period of time normally required to complete such advanced education or receive such advanced degree exceeds the actual number of years in which the officer obtained such advanced education or degree while a commissioned officer in an active status or on active duty.

3

App. 3

*DODD 1312.3, October 21, 1996*

4.2.2.3.  Qualifying periods of less than 1 year shall be proportionately credited.

4.2.2.4.  Except as provided in subparagraph 4.3.2., below, the number of years creditable as constructive service credit may not exceed the following:

4.2.2.4.1.  <u>Chaplains</u>

4.2.2.4.1.1.  Entry grade for appointment designation or assignment shall not exceed 3 years.

4.2.2.4.1.2.  Seven or more years of extensive practical experience in a ministry shall not exceed 1 year.

4.2.2.4.1.3.  Unusual cases involving special experience or unique qualifications as determined by the Secretary of the Military Department concerned shall not exceed one-half year for each year up to 3 years of credit.

4.2.2.4.2.  <u>Judge Advocates</u>

4.2.2.4.2.1.  Entry grade for appointment designation or assignment shall not exceed 3 years.

4.2.2.4.2.2.  Unusual cases involving special experience or unique qualifications as determined by the Secretary of the Military Department concerned shall not exceed one-half year for each year up to 3 years of credit.

4.2.2.4.3.  <u>Other Categories</u>

4.2.2.4.3.1.  Entry grade credit for appointment designation, or assignment, as determined by the Secretary of the Military Department concerned, in those cases in which advanced education beyond the baccalaureate degree level is required as a prerequisite for appointment, assignment or designation in a particular commissioned officer category shall not exceed 1 year for each year of the advanced education.

*DODD 1312.3, October 21, 1996*

4.2.2.4.3.2.  Entry grade credit for special experience, or unique qualifications, as determined by the Secretary of the Military Department concerned, in those cases in which advanced education beyond the baccalaureate degree level is required as a prerequisite for appointment, assignment or designation in a particular commissioned officer category shall not exceed one-half year for each year, up to a maximum of 3 years of credit.

4.2.3.  <u>Maximum Entry Grade Credit</u>.  The total entry grade credit granted, except for a health professional officer, shall be no more than that required for the person to receive an entry grade of major or lieutenant commander.  This limitation may be waived by the Secretary of the Military Department concerned in individual cases if there are significant reasons to appoint a person in a higher grade.  It is not applicable to the appointment of a Reserve commissioned officer as a Regular commissioned officer under 10 U.S.C. 533(f) (reference (b)).

4.2.4.  <u>Service Academy Graduates</u>.  Graduates of the Service Academies may not receive credit under subparagraph 4.2.1. or 4.2.2., above, for service performed, or education, training, or experience obtained before graduation.

4.3.  <u>Entry Grade</u>

4.3.1.  A person granted service credit under this Directive and placed on the Active Duty List or Reserve Active Status List of a Military Service may have an entry grade determined by comparing entry grade credit with the appropriate promotion phase points of the Military Service and officer category concerned.  Except as limited by subparagraph 4.2.3., above, credit granted that exceeds that amount used to establish the entry grade shall be used to adjust the date of rank.  Reserve component officers shall be ordered to active duty in their Reserve grades.

4.3.2.  A person who is a former commissioned officer may, if otherwise qualified, be appointed as a Reserve officer.  A person so appointed:

4.3.2.1.  May be placed on the Reserve Active Status List of that Armed Force in the grade equivalent to the permanent Regular or Reserve grade, and in the same competitive category, in which the person previously served satisfactorily on active duty or in an active status; and,

4.3.2.2.  May be credited for determining date of rank under Section 741(d) of reference (b) with service in grade equal to that held by that person when discharged or separated.

*DODD 1312.3, October 21, 1996*

4.3.3.  If the Secretary of Defense determines that the number of judge advocates serving on the active duty list in grades below major or lieutenant commander is critically below the number needed by that Armed Force, he or she may authorize the Secretary concerned to credit any person originally appointed, designated, or assigned as a judge advocate in the Military Service with a period of constructive service in such an amount as would qualify that person for the grade of captain (lieutenant in the Navy) and the date of rank of such person being junior to that of all other officers of the same grade serving on the Active Duty List.  Requests by the Secretary concerned for such determination by the Secretary of Defense shall be submitted through the Under Secretary of Defense for Personnel and Readiness.

5.  RESPONSIBILITIES

5.1  The Under Secretary of Defense for Personnel and Readiness shall exercise cognizance and oversight of policies involving determination of service credit for commissioned officers.

5.2  The Secretaries of the Military Departments shall administer the policies in section 4., above.

6.  EFFECTIVE DATE

This Directive is effective immediately for officers on the Active Duty List, and on October 1, 1996, for officers on the Reserve Active Status List.

John P. White
Deputy Secretary of Defense

Enclosures - 1
    E1. Definitions

6

*DODD 1312.3, October 21, 1996*

## E1. ENCLOSURE 1

## DEFINITIONS

E1.1.1. <u>Active Duty List</u>.  A single list for the Army, the Navy, the Air Force, or the Marine Corps that is required to be maintained under Section 620 of 10 U.S.C. (reference (b)) and that contains the names of all officers of that Military Service other than officers described in Section 641 of reference (b) who are serving on active duty.

E1.1.2. <u>Active Service</u>.  Active duty or full-time National Guard duty.

E1.1.3. <u>Active Status</u>.  The status of a Reserve commissioned officer, other than a commissioned warrant officer, who is not in the inactive Army National Guard, inactive Air National Guard, on an inactive status list, or in the retired Reserve.

E1.1.4. <u>Chaplain</u>.  A commissioned officer in the Chaplain Corps of the Army or Navy or a commissioned officer who is appointed in the Air Force and designated or assigned as a chaplain.

E1.1.5. <u>Commissioned Officer</u>.  An officer in any of the Military Services who holds a grade and office under a commission signed by the President, and who is appointed as a Regular or Reserve officer.  It does not include a commissioned warrant officer or a retired commissioned officer.

E1.1.6. <u>Health Professional</u>.  A commissioned officer who is appointed, designated, or assigned as a medical or dental officer, veterinarian, nurse, medical service corps officer, medical specialist, or biomedical science officer.  (See DoD Directive 1320.7 and DoD Directive 1312.2 (references (d) and (e)).)

E1.1.7. <u>Judge Advocate</u>.  A commissioned officer in the Judge Advocate General's Corps of the Army or Navy or a commissioned officer who is appointed in the Air Force or Marine Corps and designated as a judge advocate.

E1.1.8. <u>Military Service</u>.  Service in the Army, the Navy, the Air Force, or the Marine Corps.

App. 7

*DODD 1312.3, October 21, 1996*

E1.1.9. <u>Reserve Active Status List</u>. A single list for the Army, the Navy, the Air Force, or the Marine Corps, required to be maintained under Section 14002 of reference (b), which contains the names of all officers of that Armed Force, except warrant officers (including commissioned warrant officers) who are in an active status in a Reserve component of the Army, the Navy, the Air Force, or the Marine Corps and are not on an Active Duty List.



# Department of Defense
# INSTRUCTION

**NUMBER** 1312.03
October 6, 2006
*Certified Current as of September 15, 2011*

USD(P&R)

SUBJECT:  Service Credit for Commissioned Officers

References:  (a)  DoD Directive 1312.3, subject as above, October 21, 1996 (hereby canceled)
    (b)  Acting Deputy Secretary of Defense Memorandum, "DoD Directives Review
       - Phase II," July 13, 2005
    (c)  DoD Directive 5124.02, "Under Secretary of Defense for Personnel and
       Readiness (USD(P&R))," ~~February 11, 2006~~ *June 23, 2008*
    (d)  Sections 533, 620, 641, 716, 741, 5589, 5596, 12207, 14002 of the title 10,
       United States Code
    (e)  through (g), see Enclosure 1

## 1.  REISSUANCE AND PURPOSE

This Instruction:

  1.1.  Reissues Reference (a) as a DoD Instruction according to the guidance in Reference (b)
and the authority in Reference (c).

  1.2.  Continues to implement section 533 of Reference (d) to update policies and procedures
governing the granting of service credit to persons upon appointment, designation, or assignment
as Regular commissioned officers, except those in the health professions.

  1.3.  Continues to implement section 12207 of Reference (d) to establish policies and
procedures governing the granting of service credit to persons upon original appointment,
designation, or assignment as a Reserve commissioned officer, except those in the health
professions.

## 2.  APPLICABILITY AND SCOPE

This Instruction:

  2.1.  Applies to the Office of the Secretary of Defense, the Military Departments, the
Chairman of the Joint Chiefs of Staff, the Combatant Commands, the Office of the Inspector

*DoDI 1312.03, October 6, 2006*

General of the Department of Defense, the Defense Agencies, the DoD Field Activities, and all other organizational entities in the Department of Defense.

2.2.  Does not apply to inter-Service transfers pursuant to section 716 of Reference (d), except as provided in DoD ~~Directive~~ *Instruction* 1300.04 (Reference (e)); to the appointment of Reserve commissioned officers as Regular commissioned officers pursuant to section 533(f) of Reference (d); and to the appointment of commissioned officers designated for limited duty pursuant to section 5589 or 5596 of Reference (d).

3.  DEFINITIONS

Terms used in this Instruction are defined below; in sections 101(b), (c), and (d) of Reference (d); DoD Instruction 6000.13 (Reference (f)); and DoD Instruction 1304.28 (Reference (g)).

3.1.  Judge Advocate.  A commissioned officer in the Judge Advocate General's Corps of the Army or Navy or a commissioned officer who is appointed in the Air Force or Marine Corps and designated as a judge advocate.

3.2.  Military Service.  Service in the Army, the Navy, the Air Force, or the Marine Corps.

4.  POLICY

It is DoD policy that the award of service credit to any person appointed, assigned, or designated as a commissioned officer in an officer category shall be equitably determined to establish an appropriate appointment grade and date of rank relative to other officers in the same competitive category.

5.  RESPONSIBILITIES

5.1  The Under Secretary of Defense for Personnel and Readiness (USD(P&R)) shall develop, establish, maintain, and oversee policies involving determination of service credit for commissioned officers.

5.2  The Secretaries of the Military Departments shall:

5.2.1.  Comply with the policies and procedures prescribed herein.

5.2.2.  Administer the policies in this Instruction.

5.2.3.  Recommend policy changes, as necessary, to this Instruction to the USD(P&R).

*DoDI 1312.03, October 6, 2006*

6. PROCEDURES

   6.1. Entry Grade Credit. The entry grade and date of rank or promotion service credit in grade of a commissioned officer (other than an officer in the health professions) shall be determined by the entry grade credit awarded upon appointment. The entry grade credit that is awarded shall be the sum of the prior commissioned service allowed and the amount of constructive service credit allowed. A period of time shall be counted only once when computing credit.

      6.1.1. Prior Active Commissioned Service Credit. Credit for prior service as a commissioned officer may not exceed 1 year for each year of the following:

         6.1.1.1. Active duty commissioned service or commissioned service in an active status (except as a commissioned warrant officer) including periods of active duty for training.

         6.1.1.2. Commissioned service in an active status while participating in a program leading to appointment in a specialty in which constructive service is awarded or in the specialty in which being appointed, designated, or assigned. An officer who completes a program that would qualify for credit under paragraph 6.1.2.4. while in an active status may be credited with constructive credit in the amount of the difference between the officer's service in an active status and the amount of time normally required to complete the program. The length of such a program shall be the number of years (to the nearest year) normally required to complete the advanced education or receive the advanced degree pursuant to sections 533 and 12207 of Reference (d).

         6.1.1.3. Commissioned service (except as a commissioned warrant officer) in an active status, but not on active duty, for persons appointed as Reserve commissioned officers.

      6.1.2. Constructive Service Credit. The purpose of constructive service credit is to provide grade and date of rank comparability for a person who begins commissioned service after obtaining the additional education, training, or experience required for appointment, designation, or assignment as a commissioned officer in a professional field relative to a contemporary who began commissioned service immediately after obtaining a baccalaureate degree. Constructive service credit shall be determined in accordance with the following guidelines.

         6.1.2.1. A period of time shall be counted only once when computing constructive service credit.

         6.1.2.2. Periods of time spent in an active status as a commissioned officer or on active duty may not be counted when computing constructive service credit.

*DoDI 1312.03, October 6, 2006*

6.1.2.2.1.  The Secretary of the Military Department concerned may award constructive service credit for advanced education or an advanced degree when an officer completes the advanced education, or receives the advanced degree in an active status or while on active duty in less than the number of years normally required to complete such advanced education or receive such advanced degree.

6.1.2.2.2.  Constructive service credit may be awarded only if such education or advanced degree is required as a prerequisite for appointment as a commissioned officer in a particular officer category, and only to the extent that the period of time normally required to complete such advanced education or receive such advanced degree exceeds the actual number of years in which the officer obtained such advanced education or degree while a commissioned officer in an active status or on active duty.

6.1.2.3.  Qualifying periods of less than 1 year shall be proportionately credited.

6.1.2.4.  Except as provided in paragraph 6.2.2., the number of years creditable as constructive service credit may not exceed the following:

6.1.2.4.1.  <u>Chaplains</u>

6.1.2.4.1.1.  Entry grade for appointment designation or assignment shall not exceed 3 years.

6.1.2.4.1.2.  Seven or more years of extensive practical experience in a ministry shall not exceed 1 year.

6.1.2.4.1.3.  Unusual cases involving special experience or unique qualifications as determined by the Secretary of the Military Department concerned shall not exceed one-half year for each year up to 3 years of credit.

6.1.2.4.2.  <u>Judge Advocates</u>

6.1.2.4.2.1.  Entry grade for appointment designation or assignment shall not exceed 3 years.

6.1.2.4.2.2.  Unusual cases involving special experience or unique qualifications as determined by the Secretary of the Military Department concerned shall not exceed one-half year for each year up to 3 years of credit.

6.1.2.4.3.  <u>Other Categories</u>

*DoDI 1312.03, October 6, 2006*

6.1.2.4.3.1. Entry grade credit for appointment designation, or assignment, as determined by the Secretary of the Military Department concerned, in those cases in which advanced education beyond the baccalaureate degree level is required as a prerequisite for appointment, assignment or designation in a particular commissioned officer category shall not exceed 1 year for each year of the advanced education.

6.1.2.4.3.2. Entry grade credit for special experience, or unique qualifications, as determined by the Secretary of the Military Department concerned, in those cases in which advanced education beyond the baccalaureate degree level is required as a prerequisite for appointment, assignment, or designation in a particular commissioned officer category shall not exceed one-half year for each year, up to a maximum of 3 years of credit.

6.1.3. <u>Maximum Entry Grade Credit</u>. The total entry grade credit granted, except for a health professional officer, shall be no more than that required for the person to receive an entry grade of major or lieutenant commander. This limitation may be waived by the Secretary of the Military Department concerned in individual cases if there are significant reasons to appoint a person in a higher grade. It is not applicable to the appointment of a Reserve commissioned officer as a Regular commissioned officer pursuant to section 533(f) of Reference (d).

6.1.4. <u>Service Academy Graduates</u>. Graduates of the Service Academies may not receive credit under paragraph 6.1.1. or 6.1.2. for service performed, or education, training, or experience obtained before graduation.

6.2. <u>Entry Grade</u>

6.2.1. A person granted service credit under this Instruction and placed on the Active Duty List or Reserve Active Status List of a Military Service may have an entry grade determined by comparing entry grade credit with the appropriate promotion phase points of the Military Service and officer category concerned. Except as limited by paragraph 6.1.3., credit granted that exceeds that amount used to establish the entry grade shall be used to adjust the date of rank. Reserve component officers shall be ordered to active duty in their Reserve grades.

6.2.2. A person who is a former commissioned officer may, if otherwise qualified, be appointed as a Reserve officer. A person so appointed:

6.2.2.1. May be placed on the Reserve Active Status List of that Armed Force in the grade equivalent to the permanent Regular or Reserve grade, and in the same competitive category, in which the person previously served satisfactorily on active duty or in an active status; and,

6.2.2.2. May be credited for determining date of rank under section 741(d) of Reference (d) with service in grade equal to that held by that person when discharged or separated.

*DoDI 1312.03, October 6, 2006*

6.2.3.  If the Secretary of Defense determines that the number of judge advocates serving on the active duty list in grades below major or lieutenant commander is critically below the number needed by that Armed Force, he or she may authorize the Secretary concerned to credit any person originally appointed, designated, or assigned as a judge advocate in the Military Service with a period of constructive service in such an amount as would qualify that person for the grade of captain (lieutenant in the Navy) and the date of rank of such person being junior to that of all other officers of the same grade serving on the Active Duty List.  Requests by the Secretary of the Military Department concerned for such determination by the Secretary of Defense shall be submitted through the USD(P&R).

*7. RELEASABILITY.  UNLIMITED.  This Instruction is approved for public release and is available on the Internet from the DoD Issuances Website at http://www.dtic.mil/whs/directives.*

7~~8~~. EFFECTIVE DATE

This Instruction is effective immediately.

David S. C. Chu
Under Secretary of Defense
Personnel and Readiness

Enclosures - 1
     E1.  References, continued

6

*DoDI 1312.03, October 6, 2006*

## E1. ENCLOSURE 1

### REFERENCES, continued

(e)  DoD ~~Directive~~ *Instruction* 1300.*04*, "Inter-Service Transfer of Commissioned Officers," ~~November 15, 1996~~ *December 27, 2006*

(f)  DoD Instruction 6000.13, "Medical Manpower and Personnel," June 30, 1997

(g)  DoD Instruction 1304.28, "Guidance for the Appointment of Chaplains for the Military Departments," June 11, 2004

ENCLOSURE 1



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON DC 20350-1000

SECNAVINST 1400.1B
N132F

JAN 27 2006

SECNAV INSTRUCTION 1400.1B

From:  Secretary of the Navy

Subj:  OFFICER COMPETITIVE CATEGORIES FOR THE ACTIVE DUTY LIST
       (ADL) OF THE NAVY AND MARINE CORPS

Ref:   (a) 10 U.S.C. Section 621
       (b) DODINST 1320.12 of 27 Sep 05
       (c) SECNAVINST 1420.1A

Encl:  (1) Navy Active Duty List (ADL) Competitive Categories
       (2) Marine Corps Active Duty List (ADL) Competitive
           Categories

1.  <u>Purpose</u>.  To establish the officer competitive categories
within the Navy and Marine Corps for officers on the active duty
list (ADL) under references (a) and (b) and criteria to assess
the need for new competitive categories.  This instruction is a
complete revision and should be reviewed in its entirety.

2.  <u>Cancellation</u>.  SECNAVINST 1400.1A.

3.  <u>Policy</u>.  Department of the Navy (DON) policy is to establish
officer competitive categories to provide for separate promotion
consideration and career development of groups of officers with
related education, training, skills, and experience needed to
meet mission objectives of the Navy or Marine Corps which make
separate career management desirable.  Each officer on the ADL
within the Navy and the Marine Corps will be appointed to a
competitive category for these purposes.  New competitive
categories will be established when clearly needed to meet the
mission objective of the services.  It is therefore intended
that periodic review of existing competitive categories will be
made.  Changes to the competitive categories will be made, based
on the criteria in this instruction, only after careful
consideration of the long-term management needs of the service.
If changes occur and enclosures (1) and (2) have not been
updated, each service annual Promotion Plan will publish
promotion zones for the current competitive categories as
stipulated by reference (c).

SECNAVINST 1400.1B

4.  <u>Criteria for New Competitive Categories</u>.  A separate
competitive category for promotion will be considered only when
the following criteria are met:

   a.  The specialized education, training, or experience and
often relatively narrow utilization of a group of officers makes
it impossible for them to compete for promotion on an equitable
basis with other officers having more generalized experience.

   b.  It is necessary to protect a substantial investment in
education, training, or experience by ensuring equitable
promotion opportunity when that education, training, or
experience will be utilized within a narrow career field.

   c.  The specialized community can be managed as a separate
career field in such a manner as to ensure the most efficient
use of the unique resources in the various officer grades.

   d.  The specialized community will be large enough to
sustain a career force in the grades, O4 though O6, generally
within the promotion guidelines of reference (c).

5.  <u>Competitive Categories</u>.  The competitive categories for ADL
officers are established in enclosures (1) and (2).  Each
officer on the ADL shall initially be assigned to the
competitive category for which recruited.  Changes of an
officer's competitive category and specialty shall be made per
service regulation.

6.  <u>Requests to Establish/Disestablish a Competitive Category</u>.
The Deputy Chief of Naval Operations (Manpower, Personnel,
Training and Education) (DCNO (N1/NT)) and the Marine Corps
Deputy Commandant for Manpower and Reserve Affairs (DC (M&RA))
may request establishment or disestablishment of a competitive
category when the guidelines in paragraphs 3 and 4 are met.  The
requests must include:

   a.  Description of career area or career fields to be
established or disestablished as a separate competitive
category.

   b.  Discussion of the unique use of the proposed competitive
category compared with other fields not established as separate
competitive categories.

2

App. 17

SECNAVINST 1400.1B

c.  Projection of proposed promotion outlook (promotion opportunity and timing) for grades O4 through O6 for 5 years. If the requested category will take time to increase to proposed full strength, an estimate of the ability to attain and sustain the promotion guidelines in reference (c) is required.

d.  Complete justification for establishing or disestablishing the competitive category.  Include an evaluation of the proposal and how it will enhance the management of the resource.  Evaluate the advantages and disadvantages in terms of procurement and retention for the proposed category and on the category(ies) from which separated or into which merged.

7.  <u>Responsibilities</u>.

a.  The Assistant Secretary of the Navy (Manpower and Reserve Affairs) (ASN (M&RA)) is responsible for overall supervision of the competitive category designation system under this instruction.

b.  DCNO (N1/NT) and DC (M&RA) shall periodically review and update the competitive categories in their respective services.

William A. Navas, Jr.
Assistant Secretary of the Navy
(Manpower and Reserve Affairs)

Distribution:
Electronic only via Navy Directives Web site
http://neds.daps.dla.mil/

3

SECNAVINST 1400.1B

**ACTIVE DUTY LIST (ADL) COMPETITIVE CATEGORIES FOR THE NAVY**

COMPETITIVE CATEGORY AND SPECIALTY

**DESCRIPTION**                                                    **DESIGNATOR**

Unrestricted Line Competitive Category

Unrestricted Line Officer
  Not currently qualified in any warfare specialty
  or in training for any warfare specialty           110X
  Qualified in Surface Warfare                        111X
  Qualified in Submarine Warfare                      112X
  Qualified in Special Warfare                        113X
  Qualified in Special Operations                     114X
  In training for Surface Warfare Qualification       116X
  In training for Submarine Warfare Qualification     117X
  In training for Special Warfare Qualification       118X
  In training for Special Operations Qualification    119X
  In the aviation community whose rating as a Naval
  Aviator or Naval Flight Officer has been terminated 130X
  Qualified for duty involving flying as a pilot
  (Naval Aviator)                                     131X
  Qualified for duty involving flying as a Naval
  Flight Officer                                      132X
  In training for Naval Flight Officer Qualification  137X
  In training for pilot (Naval Aviator) Qualification 139X
  Under instruction as a prospective Judge Advocate
  General's Corps officer                             195X

Restricted Line Competitive Categories

Special Duty Officer (Human Resources)                120X
  Nuclear Power School Instructor                     121X
  Naval Reactors Engineer                             122X
Engineering Duty Officer
  Qualified as a Ship Engineering Specialist          144X
  In a prescribed program for designator 144X         146X
Aerospace Engineering Duty Officer (Engineering)      151X
  In the grade of Captain and above (note 1)          150X
Aerospace Engineering Duty Officer (Maintenance)      152X
  In the grade of Captain and above (note 1)          150X
Special Duty Officer (Information Professional)       160X

Enclosure (1)

SECNAVINST 1400.1B

| DESCRIPTION | DESIGNATOR |
|---|---|
| Special Duty Officer (Information Warfare) | 161X |
| In training for Special Duty Officer (Information Warfare) Qualification | 164X |
| Special Duty Officer (Intelligence) | 163X |
| Special Duty Officer (Public Affairs) | 165X |
| Special Duty Officer (Oceanography) | 180X |
| Limited Duty Officer (Line) | |
| Surface Deck | 611X |
| Surface Operations | 612X |
| Surface Engineering/Repair | 613X |
| Special Warfare Technician | 615X |
| Surface Ordnance | 616X |
| Surface Electronics | 618X |
| Submarine Deck | 621X |
| Submarine Engineering/Repair | 623X |
| Submarine Ordnance | 626X |
| Submarine Electronics | 628X |
| Submarine Communications | 629X |
| Aviation Deck | 631X |
| Aviation Operations | 632X |
| Aviation Maintenance | 633X |
| Aviation Ordnance | 636X |
| Air Traffic Control | 639X |
| Nuclear Power | 640X |
| Administration | 641X |
| Information Systems | 642X |
| Bandmaster | 643X |
| Information Warfare | 644X |
| Intelligence | 645X |
| Meteorology/Oceanography | 646X |
| Photography | 647X |
| Explosive Ordnance Disposal | 648X |
| Security | 649X |

Staff Corps Competitive Categories

| | |
|---|---|
| Medical Corps Officer | 210X |
| Dental Corps Officer | 220X |
| Medical Service Corps Officer | 230X |
| Judge Advocate General's Corps Officer | 250X |
| Nurse Corps Officer | 290X |
| Supply Corps Officer | 310X |

2                    Enclosure (1)

SECNAVINST 1400.1B

| DESCRIPTION | DESIGNATOR |
|---|---|
| Chaplain Corps Officer | 410X |
| Civil Engineer Corps Officer | 510X |
| Limited Duty Officer (Staff) | |
|     Supply | 651X |
|     Civil Engineer Corps | 653X |
|     Law | 655X |

## Chief Warrant Officer Competitive Category

| Description | Designator |
|---|---|
| Chief Warrant Officer | |
|     Deck | 711X |
|     Operations | 712X |
|     Engineering | 713X |
|     Repair | 714X |
|     Special Warfare | 715X |
|     Ordnance | 716X |
|     Special Warfare Combatant Craft | 717X |
|     Electronics | 718X |
|     Diver | 720X |
|     Submarine Deck | 721X |
|     Submarine Engineering | 723X |
|     Submarine Ordnance | 726X |
|     Submarine Electronics | 728X |
|     Aviation Deck | 731X |
|     Aviation Operations | 732X |
|     Aviation Maintenance | 734X |
|     Aviation Ordnance | 736X |
|     Aviation Avionics | 738X |
|     Nuclear Power | 740X |
|     Administration | 741X |
|     Information Systems | 742X |
|     Information Warfare | 744X |
|     Intelligence | 745X |
|     Photography | 747X |
|     Explosive Ordnance Disposal | 748X |
|     Physical Security | 749X |
|     Supply | 751X |
|     Food Services | 752X |
|     Civil Engineer | 753X |

3

Enclosure (1)

SECNAVINST 1400.1B

Note 1:  All Aerospace Engineering Duty Officers (Engineering
and Maintenance) designators 1510 and 1520 in the grade of
captain will be redesignated to competitive category Aerospace
Engineering Duty Officer designator 1500 unless the officer
specifically declines such redesignation.  Chief of Naval
Personnel will make this redesignation to designator 1500 two
years from the officer's date of rank as captain.  For the
purpose of membership on selection boards, officers redesignated
to 1500 will be considered as being in the same competitive
category as officers assigned designators 1510 or 1520.

SECNAVINST 1400.1B

**ACTIVE DUTY LIST (ADL) COMPETITIVE CATEGORIES FOR THE
MARINE CORPS**

Officer Competitive Categories

| DESCRIPTION | MOS[1] |
|---|---|
| Unrestricted Officer Competitive Category | |
| | |
| Unrestricted Officer | |
| Adjutant | 0180 |
| Intelligence | 02XX |
| Infantry | 0302 |
| Logistics | 0402 |
| Communication | 0602 |
| Field Artillery | 0802 |
| Engineer | 1302 |
| Tank | 1802 |
| Assault Amphibious Vehicle | 1803 |
| Ground Supply | 3002 |
| Financial Management | 3404 |
| Data Systems | 4002 |
| Public Affairs | 4302 |
| Judge Advocate | 4402 |
| Military Police | 5803 |
| Aircraft Maintenance | 6002 |
| Aviation Supply | 6602 |
| Expeditionary Airfield Officer | 7002 |
| Air Command and Control | 7202 |
| Low Altitude Air Defense officer | 7204 |
| Air Support Control | 7208 |
| Air Defense Control | 7210 |
| Air Traffic Control | 7220 |
| Pilot VMA | 7507/09 |
| Pilot VMFA | 7521/23 |
| Pilot VMM | 7531/32 |
| Pilot VMAQ | 7541/43 |
| Pilot VMGR | 7550/56/57 |
| Pilot HMH/M/L/A | 7558/60/61/62/63/64/65/66/67/68 |
| Naval Flight | 7524/25/80/82/88 |
| Basic Pilot | 7597/98 |
| Naval Flight Officer Student (TBS) | 7578 |
| Flight Student (TBS) | 7599 |
| Mission Commander | 9807 |

Enclosure (2)

SECNAVINST 1400.1B

| DESCRIPTION | MOS[1] |
|---|---|
| Ground Control Station Internal Pilot | 9808 |
| Basic Officer | 9901 |
| General Officer | 9903 |
| Colonel, Logistician | 9904 |
| Colonel, Ground | 9906 |
| Colonel, Naval Aviator/Naval Flight Officer | 9907 |
| Colonel, Judge Advocate | 9914 |
| Acquisition Management Professional | 9959 |

Restricted Officer Programs

Limited Duty Officer Competitive Categories

| | |
|---|---|
| Embarkation | 0430 |
| Data Systems Management | 0650 |
| Ordnance | 2102 |
| Explosive Ordnance Disposal | 2305 |
| Ammunition | 2340 |
| Electronics Maintenance – Ground | 2802 |
| Traffic Management | 3102 |
| Food Service | 3302 |
| Auditing | 3410 |
| Combat Camera | 4602 |
| Electronics Maintenance – Aviation | 5902 |
| Aircraft Maintenance Engineer | 6004 |
| Avionics | 6302 |
| Aviation Ordnance | 6502 |
| Meteorological/Oceanographic | 6802 |
| Director/Asst Dir President's Own U.S. Marine Band | 9802 |
| Staff Officer, U.S. Marine Band | 9803 |
| U.S. Marine Drum and Bugle Corps | 9805 |

Warrant Officer Competitive Categories

| | |
|---|---|
| Postal | 0160 |
| Personnel | 0170 |
| Counterintelligence | 0210 |
| Infantry Weapons (Marine Gunner) | 0306 |
| Embarkation | 0430 |
| Telephone Systems | 0610 |
| Network Management | 0620 |
| Strategic Spectrum Planner | 0640 |
| Data Systems Management | 0650 |

SECNAVINST 1400.1B

| DESCRIPTION | MOS[1] |
|---|---|
| Target Acquisition | 0803 |
| Utilities | 1120 |
| Engineer Equipment | 1310 |
| Bulk Fuel | 1390 |
| Ordnance Vehicle Maintenance | 2110 |
| Weapons Repair | 2120 |
| Electro-Optic Instrument Repair | 2125 |
| Explosive Ordnance Disposal | 2305 |
| Ammunition | 2340 |
| Signals Intelligence/Electronic Warfare | 2602 |
| Data/Communications Maintenance | 2805 |
| Ground Supply Operations | 3010 |
| Traffic Management | 3102 |
| Food Services | 3302 |
| Finance | 3402 |
| Financial Management Resource | 3408 |
| Auditing | 3410 |
| Motor Transport | 3510 |
| Marine Corps Exchange | 4130 |
| Legal Administrative | 4430 |
| Visual Information | 4602 |
| Band | 5502 |
| Nuclear, Biological, and Chemical (NBC) | 5702 |
| Corrections | 5802 |
| Criminal Investigation | 5804 |
| Aviation Radar Maintenance | 5910 |
| Air Traffic Control Systems Maintenance | 5950 |
| Data Systems Maintenance | 5970 |
| Aircraft Maintenance Engineer | 6004 |
| Avionics | 6302 |
| Aviation Ordnance | 6502 |
| Aviation Supply Operations | 6604 |
| Meteorological/Oceanographic | 6802 |
| Expeditionary Airfield/Emergency Services | 7002 |
| Mission Specialist/Aerial Navigation | 7380 |
| Staff Officer, Marine Band | 9803 |
| Drum and Bugle Corps | 9805 |
| Recruiting | 9815 |
| Range | 9925 |

Note 1:  Military Occupational Specialty per MCO P1200.16



DEPARTMENT OF THE NAVY
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, D.C. 20350-2000

OPNAVINST 1120.8A
N1/PERS-3
3 OCT 2011

OPNAV INSTRUCTION 1120.8A

From:  Chief of Naval Operations

Subj:  APPOINTMENT OF REGULAR AND RESERVE OFFICERS IN THE
       MEDICAL SERVICE CORPS OF THE NAVY

Ref:   (a) DoD Instruction 1310.02 of 8 May 2007
       (b) Program Authorization 115, Direct Appointment in the
           Medical Service Corps (MSC)
       (c) OPNAVINST 1210.5
       (d) SECNAVINST 1000.7F
       (e) DoD Instruction 1300.04 of 27 December 2006
       (f) DoD Directive 1205.05 of 22 April 2004
       (g) 10 U.S.C.
       (h) DoD Instruction 6000.13 of 30 June 97
       (i) DoD Instruction 1312.03 of 6 October 2006
       (j) SECNAVINST 1420.1B
       (k) OPNAVINST 1520.39
       (l) Program Authorization 130, Armed Forces Health
           Professions Scholarship Program (AFHPSP)
       (m) Program Authorization 132, Health Services Collegiate
           Program (HSCP)
       (n) OPNAVINST 1420.1B
       (o) SECNAVINST 5300.28D
       (p) NAVMED P-117, Manual of the Medical Department
       (q) SECNAVINST 1920.6C
       (r) NAVPERS 15839I, Manual of Navy Officer Manpower and
           Personnel Classifications, Volume I
       (s) OPNAVINST 1427.2
       (t) DoD 6025.13-R, Military Health System Clinical
           Quality Assurance Program Regulation, 11 June 2004

1. <u>Purpose</u>.  To issue regulations governing:

    a.  Appointment of officers in the Regular and Reserve
components of the Medical Service Corps (MSC) under references
(a) and (b), officers transferred from the line community or
another staff corps into the MSC under reference (c),
interservice transfer from another uniformed service under
references (d) and (e) and the transfer of members between
Regular and Reserve components of the Military Services under
reference (f).

OPNAVINST 1120.8A
3 OCT 2011

    b.  Award of entry grade credit on appointment in the MSC
under reference (g), sections 533 and 12207, and under
references (h) and (i).

2.  Cancellation.  OPNAVINST 1120.8.

3.  Applicability.  This instruction applies to all individuals
appointed as Regular and Reserve officers in the MSC, including
officers transferred from another uniformed service, Reserve
officers transferred into the Regular component, Reserve
officers recalled voluntarily to the active duty list (ADL), and
officers transferred from the line community or another staff
corps into the MSC.

4.  Policy.  The Department of the Navy will maintain authorized
strength and grade levels in the MSC and its approved
specialties by recruiting the personnel required to support the
annual 5-year promotion plan approved under reference (j), to
provide a base for an all Regular career force, and to attain
authorized strength in the Reserve component to meet approved
requirements for mobilization.

    a.  Requirements for newly appointed officers on the ADL
will be filled from diverse programs, which include direct
procurement of qualified civilians under reference (b), Armed
Forces Health Professions Scholarship Program (AFHPSP) under
references (k) and (l), Health Sciences Collegiate Program
(HSCP) under reference (m) and In-service Procurement Program
(IPP) under reference (n).  Any other request for active duty
commission will be handled on a case by case basis.

    b.  Requirements for Regular officers on the ADL in control
grades that cannot be met by promotion may be supplemented by
voluntary recall to active duty of officers from the Reserve
component qualified in the approved specialties.

    c.  Requirements for the Selected Reserve and Individual
Ready Reserve will be filled primarily through transfer of
officers from the ADL.  Requirements that cannot be met from
this source will be met through direct procurement of former
military officers and other civilians qualified in the approved
specialties.

2

App. 27

OPNAVINST 1120.8A
3 OCT 2011

5.  Accessions Plans

    a.  Deputy Chief of Naval Operations (Manpower, Personnel,
Training and Education) (DCNO (N1)) will establish an annual
accession plan for the Active and Reserve components which,
together with retention incentives, will attain authorized
strength in each of the specialties in the MSC.  There must be
sufficient accessions to support the annual 5-year promotion
plans for the active duty force and inactive duty Reserve
component and ensure that the promotion opportunity and flow
points necessary to meet authorized strength-in-grade
requirements are maintained.

    b.  In determining the proportions of accession programs
used to attain and maintain specialty authorizations, both the
current and projected supply and demand for officers in each of
the approved specialties shall be considered.  Maximum use of
the most effective program, relative to cost and time to attain,
will be used in preference to more expensive programs.  Plans
will ensure flexibility in adjusting to changes in the civilian
market and in specialty requirements.  Reasonable career
progression opportunities for the authorized strength of
entry-level applicants shall be maintained.

6.  Basic Qualifications.  To be eligible for appointment as a
MSC officer in either the Active or Reserve component, or for
voluntary recall from the Reserve component to the Active
component, the applicant must meet the following requirements:

    a.  Citizenship.  Must be a citizen of the United States;

    b.  Entry Age

        (1) Entry age eligibility criteria are established to
meet three goals:

            (a) Attain the Defense Officer Personnel Management
Act objective of an all Regular career force;

            (b) Maintain an officer corps to meet arduous duty
requirements, such as duty at sea and in hostile locations; and

            (c) Define a recruiting pool large enough to meet
accession requirements.

OPNAVINST 1120.8A
3 OCT 2011

(2) Active and Reserve MSC applicants must be commissioned before their 42nd birthday.  On a limited case by case basis, Commander, Navy Recruiting Command (COMNAVCRUITCOM) is granted waiver authority for applicants between ages 42 and 57.  Waivers cannot be sub-delegated below the flag level and COMNAVCRUITCOM shall maintain on file written justification for each waiver granted.

(3) All waiver requests shall be coordinated through the Bureau of Naval Personnel (BUPERS) and the Officer Community Manager (BUPERS-31).  When considering an age waiver request, strong emphasis shall be placed on undermanned specialties and those with a pattern of missed recruitment goals.

(4) Active and Reserve applicants age 58 or older who possess critical skills as designated by the Assistant Secretary of Defense for Health Affairs (ASD(HA)) may be considered for an exception to the age waiver policy if they can complete a full 3-year service obligation.  DCNO (N1) is the waiver authority for applicants age 58 or older.  Reserve MSC applicants requesting an age waiver are governed by reference (g), section 14703, and are restricted to a maximum age of 67.  Reserve MSC applicants desiring retention beyond the age of 62 must formally request to be retained via a personal letter and command endorsement.  Endorsements from higher authorities other than the reporting senior will be accepted but are not required. Only the command endorsement is required to process the request.

c.  Moral Character.  Must be of good moral character and of unquestioned loyalty to the United States as determined by interview and investigation.  Per reference (o), individuals who are drug or alcohol dependent, who abuse drugs or alcohol, whose pre-service abuse of drugs or alcohol indicates a proclivity to continue abuse in the service, or who have a record of any drug trafficking offenses, shall not be permitted to enter the MSC.

d.  Physical Standards.  Must meet the physical standards for service on active duty as recommended by the Chief, Bureau of Medicine and Surgery (BUMED) and approved by the Chief of Naval Operations (CNO).  DCNO (N1), upon BUMED recommendation, may waive physical defects that will not interfere with performance of active duty within the guidelines of reference (p).

4

OPNAVINST 1120.8A
3 OCT 2011

e. <u>Availability for Mobilization</u>.  Appointments in the Reserve component not on the ADL are predicated upon mobilization requirements and the applicants' availability for mobilization.  Members of Congress, Federal political appointees, elected State and local government officials, and Federal career Senior Executive Service (SES) employees may not be tendered an original direct appointment without prior approval of DCNO (N1).

f. <u>Indoctrination Requirements</u>.  Officers appointed directly to the ADL must complete an officer indoctrination training course prior to reporting to their first duty station. Officers appointed directly into the Reserve component must complete a Reserve officer indoctrination training course during their first year.

g. <u>Failure to Complete Initial Training Requirements</u>. Officers who fail to complete officer indoctrination requirements shall be separated for cause under reference (q).

7. <u>Professional Qualifications</u>.  To be eligible for appointment in the MSC or for voluntary recall from the Reserve component to the ADL, the applicant must meet the following educational requirements:

a.  Applicants must meet the professional education requirements set forth in the governing instructions and program authorizations.

b.  Prior to commissioning, direct accession applicants for the following specialties must be certified, licensed or registered by one of the individual States, District of Columbia, or appropriate national accrediting agency as specified in reference (b):

| | |
|---|---|
| Clinical Psychologist | Pharmacist |
| Podiatrist | Dietitian |
| Physical Therapist | Social Worker |
| Optometrist | Physician Assistant |
| Occupational Therapist | Audiologist |

c.  AFHPSP and HSCP appointees who do not attain required licensure or certification prior to or within 1 year of appointment may be separated under reference (q).

5

App. 30

OPNAVINST 1120.8A
3 OCT 2011

    d.  Applicants for the MSC IPP are guided by the program requirements and application procedures as stated in reference (m).

8.  Examination of Professional Qualifications.  The Chief, BUMED, MSC Special Assistant Corps Chief (M00C4) shall review the credentials and examine the professional qualifications of all applicants for appointment in the MSC or for voluntary recall of a Reserve officer to active duty.

    a.  Direct Appointments.  BUMED (M00C4) shall examine and certify the professional qualifications of all applicants and the completeness and authenticity of the individual credentials file or individual professional file, as applicable.

    b.  Voluntary Recall.  Reserve and retired officers to be voluntarily recalled to active duty must be currently licensed, certified, and or engaged in the practice of the MSC specialty for which recalled and provide documentation necessary to recertify professional qualifications required in paragraph 7 above.  BUMED (M00C4) shall recertify qualifications specified for appointment in paragraph 7.  Recalled officers within the same specialty will retain the rank held in the Reserve component without recomputation of entry grade.

    c.  Professional Review Procedure

      (1) BUMED (M00C4) shall appoint an MSC professional review board (PRB) to examine the professional qualifications of all applicants.  The board shall be composed of senior MSC officers assigned to the National Capital Region, with input from MSC specialty leaders or assistant specialty leaders.  The senior member of the board shall be in the grade of captain or above.

      (2) The board will review the applicant's credentials, including academic performance, post-graduate education, professional and managerial experience, professional recognition such as membership in professional societies and authorship of professional publications, professional reputation, current experience in a primary specialty, and level of certification or licensure.  This review must be completed, based on the

6

OPNAVINST 1120.8A
3 OCT 2011

documentation requirements specified in this instruction, before
recommending qualifications for appointment or recall and entry
grade credit to be awarded an appointment.

        (3) The board shall recommend to BUMED (M00C4) which
specific qualifications of the table in paragraph 9 are met;
recommend entry grade credit for those qualifications; and
provide an evaluation of the quality and desirability of the
candidate based on their professional qualifications and
experience in the MSC specialty for which being considered.  The
board shall make its report directly to BUMED (00C4) without
intervening endorsements or clearances.

        (4) BUMED (M00C4) shall make their approval directly to
DCNO (N1), or designee, without intervening endorsements or
clearances.

        (5) Once BUMED (M00C4) has approved the applicant's
professional qualifications, DCNO (N1) shall determine whether
the applicant is otherwise qualified for a commission as a MSC
officer in the specialty for which designated.  DCNO (N1) may
delegate this authority to COMNAVCRUITCOM with appropriate
guidelines.

9.  <u>Entry Grade Credit</u>.  A prospective MSC officer's entry grade
and rank within grade shall be determined by the number of years
of entry grade credit awarded on original appointment,
designation, or assignment as an MSC officer.  The entry grade
credit to be awarded shall equal the sum of constructive service
credit and prior commissioned service credit (other than as a
commissioned warrant officer), except in cases where the total
exceeds the maximum credit allowed, and as stated in the below
table.  A period of time shall be counted only once when
computing entry grade credit.  Prior commissioned service credit
includes commissioned service on active duty or in an active
status as a commissioned officer as required by references (h)
and (i).  Constructive service credit includes credit for
advanced education and training and may also include credit for
professional experience.  Entry grade credit will be subject to
the computation and maximum credit criteria in paragraphs 10 and
11 and as specified in the following table.

7

OPNAVINST 1120.8A
3 OCT 2011

## ENTRY GRADE CREDIT TABLE

| | PRIOR COMMISSIONED SERVICE CREDIT | CREDIT |
|---|---|---|
| 1. | Commissioned service on active duty in an active status as an MSC officer in any of the uniformed services in the specialty being appointed. | 1 year for each year. |
| 2. | Commissioned service on active duty or in an active status as a commissioned officer in any of the uniformed services but not in the corps or professional specialty being appointed. | 1/2 year for each year. |
| | CONSTRUCTIVE SERVICE CREDIT | CREDIT |
| 3. | Within the specialty being appointed, successful completion of qualifying degree for each MSC specialty authorized by the CNO and identified by a specialty classification code in reference (r), part E.  The qualifying degrees and level required are specified in the program authorization. | 1 year for each year (2 years maximum for masters, 4 years maximum for Doctor of Philosophy or doctoral degrees). |
| 4. | Within the specialty being appointed, successful completion of post-baccalaureate professional education in the health care and science areas such as residencies in optometry, pharmacy, and podiatry which are approved by an accrediting agency. | 1 year for each year (maximum 2 years). |

8

OPNAVINST 1120.8A
3 OCT 2011

|   | CONSTRUCTIVE SERVICE CREDIT | CREDIT |
|---|---|---|
| 5. | Experience in a related health profession or specialty may be credited.  Such experience must be comparable to experience in, and will be directly used in, the MSC specialty in which being appointed. | 1/2 year for each year of experience up to a maximum of 3 years credit.  (If 6 months experience or less, no credit will be granted). |
| 6. | In unusual cases, additional credit may be granted for special professional experience in the specialty in which appointed when that experience is accrued after obtaining the qualifying degree. This additional credit applies only to individuals who have an experience level that uniquely distinguishes that from the normal qualifications required for appointment as a commissioned officer.  Maximum credit for experience must be earned under section 5 of this table before earning any experience credit under this paragraph.  Credit under this provision will not be given to health professionals solely on the basis of special experience that is unassociated with advanced education or an advanced degree. | 1 year for each year of special professional experience (if 6 months experience or less no credit will be granted). |

10.  Limits and Computation of Entry Grade Credit.  Entry grade credit shall be computed as follows:

    a.  A period of time or special qualification shall be counted only once;

    b.  Qualifying period of less than 1 full year shall be credited proportionately to the nearest day except where noted otherwise;

App. 34

OPNAVINST 1120.8A
3 OCT 2011

c.  Credit will not be awarded for service as an enlisted member, warrant officer, or commissioned warrant officer;

d.  In general, credit will not be granted for work experience prior to the qualifying degree;

e.  Credit will not be awarded for qualifying degrees earned while on active duty in a commissioned status;

f.  Graduates of the service academies will not be awarded credit for service performed or education, training or experience obtained before graduation from the academy; and

g.  The recall of an MSC officer in the Reserve component not on the ADL is not an original appointment; therefore, such officers are not entitled to additional entry grade credit.

11.  <u>Maximum Entry Grade Credit</u>.  Total entry grade credit granted shall normally be limited to 6 years.  After considering the recommendations of DCNO (N1), Assistant Secretary of the Navy (Manpower and Reserve Affairs) (ASN(M&RA)) may waive the 6-year limit to a maximum of 8 years on a case by case basis in the following circumstances:

a.  For appointment as a Regular officer for service on the ADL.  When there is a shortage against authorized strength in the MSC specialty for which the appointee is nominated which cannot be met by:

(1) Direct and inservice procurement of qualified health professionals in the grades of lieutenant commander and below;

(2) Voluntary recall to active duty of qualified Reserve officers;

(3) In-zone promotion under the 5-year promotion plan approved by Secretary of the Navy (SECNAV); and

(4) When a gross inequity to the applicant would otherwise result.

b.  For appointment in the Reserve component.  When there is a shortage against authorized strength in the MSC specialty for which the appointee is nominated which cannot be met by:

10

App. 35

OPNAVINST 1120.8A
3 OCT 2011

(1) Transfer of officers from the ADL;

(2) Direct procurement of qualified health professionals in the grades of lieutenant commander and below;

(3) In-zone promotion under the 5-year promotion plan approved by SECNAV; and

(4) When a gross inequity to the applicant would otherwise result.

12.  Entry Grade Credit in Transition Period.  This instruction provides for entry grade credit to be awarded to individuals being appointed in the MSC from the effective date of this instruction.  There shall be no retroactive changes as a result of this instruction to the entry grade credit granted to officers appointed in the MSC prior to the date of this instruction.

13.  Appointments.  Appointments in the MSC shall be made subject to the following guidance:

     a.  Entry Grade.  A prospective MSC officer who is not awarded entry grade credit under the Service Credit Table shall be appointed in the grade of ensign with the date of rank coinciding with the date of appointment.  A prospective MSC officer who is awarded entry grade credit under the Service Credit Table shall be appointed in a grade based on total entry grade credit awarded under reference (h).  The minimum entry grade credit required for each grade is equal to the promotion flow points prescribed in the approved annual 5-year promotion plan in effect at the time of appointment.  Under references (d) and (e), officers transferred from other uniformed services into the MSC of the Navy shall continue to hold the same grade and date of rank held in the losing uniformed service except as provided in reference (e).

     b.  Date of Rank.  When the minimum entry grade credit required for appointment in a given grade is granted, the date of rank shall be the date of appointment.  When entry grade credit is granted in excess of the minimum years required for appointment in a given grade, but less than the amount necessary to justify the next higher grade, the excess credit shall be used to adjust the date of rank within grade.

11

App. 36

OPNAVINST 1120.8A
3 OCT 2011

c.  Assignment of Precedence.  Each appointee will be placed
on the ADL as follows:

(1) Appointees ordered to active duty or retained on
active duty (other than reserve officers on active duty for
special work (ADSW) as described in reference (f), section
641(1), incident to appointment shall be placed on the ADL under
reference (s).

(2) Officers in the grades of lieutenant, lieutenant
commander, and commander, in-zone and above-zone eligible
officers whose placement on the ADL is within 1 year of the
convening dates of selection boards, are automatically deferred
unless they specifically request to be considered.  Under
reference (j), the officer may waive this deferment and request
consideration for promotion, in writing, to the Active and
Reserve Officer Career Progression Division (PERS-80) at the
Navy Personnel Command (NAVPERSCOM) as follows:  Navy Personnel
Command (PERS-80), 5720 Integrity Drive, Millington, TN 38055-
8000.  NAVPERSCOM (PERS-80) must receive the request prior to
the convening of the board.

(3) Appointees not concurrently ordered to or retained
on active duty other than ADSW described in reference (f),
section 641(1), and shall be placed on the inactive duty
precedence list in an active status under reference (s).

14.  Application Processing

a.  To facilitate rapid application processing, DCNO (N1)
will establish all military and professional documentation
required for the application.

b.  Completed applications for appointment on the ADL shall
be forwarded to COMNAVCRUITCOM expeditiously.

c.  Prospective appointees awaiting authorization for
appointment in grades commander and above may be appointed in a
grade of lieutenant commander pending approval of the higher
grade.  Officers who accept appointments in the lower grade may
at their option be voluntarily separated if the grade for which
nominated is not approved.

12

OPNAVINST 1120.8A
3 OCT 2011

d.  The professional credential documents must be obtained from the issuing source or validated for authenticity through contact with the issuing source or a secondary source approved by the Surgeon General to meet the requirements of reference (t).

e.  COMNAVCRUITCOM shall notify DCNO (N1) and ASN(M&RA) when "high visibility" candidates are being considered for direct appointment in the inactive duty Reserve component.  Such candidates include high-named-recognition individuals not connected with the government and non-SES government officials who occupy positions of significant responsibility.

15.  Responsibilities

a.  DCNO (N1) shall:

(1) Procure and appoint MSC officers per this instruction;

(2) Establish the annual accession plan for the active duty force and the inactive duty Reserve component;

(3) Approve entry grade credit and establish entry grades and dates of rank of MSC officers per the guidelines in this instruction;

(4) Ensure that all direct accession applications are processed within the maximum time standard in this instruction; and

(5) Propose changes in the policies governed by reference (i) for submission by ASN(M&RA) to ASD(HA).

b.  BUMED (M00C4) shall:

(1) Certify professional qualifications and provide the calculation of entry grade credit to DCNO (N1); and

(2) Establish the MSC PRB and review qualifications under reference (b).

13

OPNAVINST 1120.8A
3 OCT 2011

c.   COMNAVCRUITCOM shall:

(1) Determine grade and date of rank based on calculations provided by BUMED (M00C4), subject to approval of DCNO (N1), per the guidelines in this instruction;

(2) Maintain statistical data required for preparation of summary reports for ASN(M&RA) and for special reports when required by the ASD(HA); and

(3) Prepare for DCNO (N1) the annual summary report and supplementary information required by reference (q) and paragraphs 13 and 15 of this instruction.

16.  Records Management.  Records created as a result of this instruction, regardless of format and media, shall be managed per SECNAV Manual (M )5210.1 of November 2007.

17.  Reports.  The PRB reports required by paragraph 8c are exempt from reports control per SECNAV M-5214.1 of December 2004.

STEPHANIE B. EASTER
Deputy Chief of Naval Operations
(Manpower, Personnel, Training
and Education) (N1)
Acting

Distribution:
Electronic only via Department of the Navy Issuance Web site
http://doni.daps.dla.mil

14

App. 39



DEPARTMENT OF THE NAVY
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, D.C. 20350-2000

OPNAVINST 1120.4B
N131
7 JUL 2011

OPNAV INSTRUCTION 1120.4B

From:  Chief of Naval Operations

Subj:  APPOINTMENT OF REGULAR AND RESERVE OFFICERS IN THE
       MEDICAL CORPS OF THE NAVY

Ref:   (a) DoD Instruction 1310.02 of 8 May 2007
       (b) SECNAVINST 1000.7F
       (c) DoD Instruction 1300.04 of 27 Dec 2006
       (d) 10 U.S.C.
       (e) DoD Instruction 6000.13 of 30 Jun 97
       (f) DoD Instruction 1312.03 of 6 Oct 2006
       (g) SECNAVINST 1420.1B of 28 Mar 2006
       (h) SECNAVINST 5510.30B
       (i) SECNAVINST 5300.28E
       (j) NAVMED P-117, Manual of the Medical Department
       (k) SECNAVINST 1920.6C
       (l) BUMEDINST 6320.66E
       (m) DoD Instruction 6025.13 of 27 Feb 2011
       (n) NAVPERS 15839I, Manual of Navy Officer Manpower and
           Personnel Classifications, Volume I
       (o) DoD Instruction 1320.08 of 14 Mar 2007
       (p) OPNAVINST 1427.2
       (q) Program Authorization 113, Direct Appointment as
           Officers in the Medical Corps (MC) of the United
           States Navy, Designator 2100, Apr 2009

Encl:  (1) Credit for Special Experience and Advanced Education

1.  Purpose.  To provide regulations governing:

    a.  Appointment of officers in the Medical Corps, including
appointment in the Active and Reserve Components under reference
(a), and in either component through interservice transfer from
another uniformed service under references (b) and (c);

    b.  Voluntary recall of officers of the Medical Corps to the
active duty list (ADL); and

OPNAVINST 1120.4B
7 JUL 2011

    c.  Award of entry grade credit on appointment in the Medical Corps under reference (d), section 533 and under references (e) and (f).

2.  <u>Cancellation</u>.  OPNAVINST 1120.4A.

3.  <u>Applicability</u>.  This instruction applies to all individuals appointed as Regular and Reserve officers in the Medical Corps, including officers transferred from another uniformed service, Reserve officers transferred into the Regular Component, officers recalled voluntarily to the ADL, and officers transferred from the line community or another staff corps into the Medical Corps.  Additional guidance on the transfer of Regular and Reserve officers from other uniformed services into the Medical Corps is found in reference (b).

4.  <u>Policy</u>.  The Department of the Navy will maintain authorized strength and grade levels in the Medical Corps and its approved specialties by recruiting the personnel required to support the annual 5-year promotion plan approved under reference (g), to provide a base for a Regular Navy career force, and to attain authorized strength in the Reserve Component to meet approved requirements for mobilization.

    a.  Requirements for newly appointed officers on the ADL will be filled from diverse programs, which include direct procurement of qualified civilians, Uniformed Services of Health Sciences, Armed Forces Health Professions Scholarship Program (AFHPSP), Financial Assistance Program (FAP), health sciences collegiate programs and health professions loan repayment programs.  Any other request for active duty commission will be handled on a case-by-case basis.  All initial appointments, other than AFHPSP and FAP, shall be in the Regular Navy.

    b.  Requirements for the Selected Reserve and Individual Ready Reserve will be filled primarily through transfer of officers from the ADL.  Requirements that cannot be met from this source will be met through direct procurement of former military officers and other civilians qualified in the approved specialties.

2

OPNAVINST 1120.4B
7 JUL 2011

5.  Accessions Plans

    a.  Deputy Chief of Naval Operations (Manpower, Personnel,
Training and Education) (DCNO (N1)) will establish an annual
accession plan for the Active and Reserve Components, which,
together with retention incentives, will strive to attain
authorized strength in each of the specialties in the Medical
Corps.  There must be sufficient accessions to support the
annual 5-year promotion plans for the active and inactive duty
Reserve Components and ensure that the promotion opportunity and
flow points necessary to meet authorized strength requirements
are maintained.

    b.  In determining the proportions of accession programs
used to attain and maintain specialty authorizations, both the
current and projected supply and demand for officers in each of
the approved specialties shall be considered.  Maximum use of
the most effective program, relative to cost and time to attain
Medical Corps officers will be used in preference to more
expensive programs taking into account continuation rates of
each program.  Plans will ensure flexibility to adjust to
changes in the civilian market and in specialty requirements.
Reasonable career progression opportunities for the authorized
strength of entry-level applicants shall be maintained.

6.  Basic Qualifications.  To be eligible for appointment as a
Medical Corps officer in either the Active or Reserve Component,
the applicant must meet the following requirements:

    a.  Citizenship.  Must be a citizen of the United States and
pass a personnel security investigation as identified in
reference (h).

    b.  Entry Age.  Entry age eligibility criteria are
established to meet the goal of maintaining an officer corps to
meet arduous duty requirements, such as duty at sea and in
hostile locations.  As such, the entry age standard for
appointment in the Active and Reserve Components is that the
applicant must be able to attain 20 years of active commissioned
service by age 68.

    c.  Waivers for Specialties Critically Needed in Wartime.
In order to ensure that there is a recruiting pool large enough

3

App. 42

OPNAVINST 1120.4B
7 JUL 2011

to meet accession requirements, the entry age may be waived for
all Medical Corps specialities designated as a "specialty
critically needed in wartime" in a biennial memo signed by the
Assistant Secretary of Defense for Health Affairs (ASD (HA)).

(1) Maximum Entry Age

(a) Active and reserve applicants must be
commissioned before their 58th birthday.  Commander, Navy
Recruiting Command (COMNAVCRUITCOM) is granted waiver authority
for applicants between ages 47 and 57.  Waivers cannot be sub-
delegated below the flag level and COMNAVCRUITCOM shall maintain
on file written justification for each waiver granted.

(b) Active and reserve applicants age 58 or older
who possess critical skills as designated by the ASD (HA) may be
considered for an exception to the age waiver policy if they can
complete a full 3-year service obligation.  DCNO (N1) is the
waiver authority for applicants age 58 or older.

(2) Maximum Age Allowed for Service in the Medical
Corps.  Upon reaching age 68, which is the maximum age allowed
for service in both the Active and Reserve Components per
reference (d), section 14703, Service members will be
transferred to the retired list, if eligible, or discharged from
their appointment.

(3) Applicant Acknowledgement of Age Limitations

(a) Before appointment, non-prior service applicants
who will be unable to complete 20 years of active commissioned
service by age 68 will be required to complete a statement of
understanding that stipulates their ineligibility for Regular
appointment.  Those prior enlisted applicants who will be unable
to complete 20 years of creditable active duty service and 10
years of active commissioned service prior to age 68 will also
be required to complete the same statement of understanding.

(b) Before appointment, applicants who will be
unable to complete 20 years of creditable active duty service
for retirement will be required to acknowledge the same in
writing.

App. 43

OPNAVINST 1120.4B
7 JUL 2011

(4) Examples of Eligibility Based on Age

(a) Example (non-prior service over age 57): Dr. Jones is 61, a psychiatrist (designated as a critical wartime specialty), and desires to join the Navy. This applicant could be considered for a DCNO (N1) approved age waiver based on the critical wartime specialty in which the individual could serve for the minimum 3-year contract. However, Dr. Jones must acknowledge ineligibility for Regular appointment and inability to earn 20 years creditable service for retirement.

(b) Example (non-prior service under age 57): Dr. Smith is 51 years old and desires to join the Navy. This applicant could be considered for a COMNAVCRUITCOM approved age waiver. However, Dr. Smith must acknowledge ineligibility for Regular appointment and inability to earn 20 years creditable service for retirement.

(c) Example (prior service): Dr. Sailor has 16 years prior service, and is now 66, and he cannot earn 20 years creditable service before the statutory requirement to be retired or discharged by age 68. Individual also could not complete a 3-year service obligation, so Dr. Sailor is not eligible for naval service.

d. <u>Moral Character</u>. Must be of good moral character and of unquestioned loyalty to the United States as determined by interview and investigation. As prescribed in reference (i), individuals who are chemically dependent, who abuse drugs or alcohol, whose pre-service abuse of drugs or alcohol indicates a proclivity for continued abuse, or who have a record of any drug trafficking offenses, shall not be permitted to enter the Medical Corps.

e. <u>Physical Standards</u>. Must meet the physical standards for service on active duty as recommended by the Chief, Bureau of Medicine and Surgery (BUMED) and approved by the Chief of Naval Operations (CNO). DCNO (N1), upon recommendation of BUMED, may waive physical defects that will not interfere with performance of active duty within the guidelines of reference (j).

5

App. 44

OPNAVINST 1120.4B
7 JUL 2011

f.  Availability for Mobilization.  Appointments in the
Reserve Component, not on the ADL, are predicated upon
mobilization requirements and the applicant's availability for
mobilization.  Members of Congress, Federal political
appointees, elected State and local government officials, and
Federal career Senior Executive Service (SES) employees may not
be tendered an original direct appointment without prior
approval of DCNO (N1).

g.  Indoctrination Requirements.  Officers appointed
directly to the ADL or the reserve active status list (RASL)
must complete an officer development training course.
Optimally, this requirement should be met by the officer
development school.  On a case-by-case basis, the Direct
Commission Officer Indoctrination Course (DCOIC) may meet this
requirement.  The alternative for DCOIC will be based upon a
recommendation from the Chief, BUMED, with final approval from
DCNO (N1), or delegated authority.

h.  Failure to Complete Initial Training Requirements.
Officers who fail to complete officer development training
requirements shall be separated for cause under reference (k).
Officers who fail to satisfactorily complete their first year of
Graduate Medical Education (GME1) may be reappointed in a
different competitive category to complete any incurred active
duty obligation.  Assistant Secretary of the Navy (Manpower and
Reserve Affairs) (ASN (M&RA)), considering the recommendations
and supporting justifications of DCNO (N1), may waive the
service obligation when such action would be in the best
interest of the Navy.  Officers with no incurred active duty
obligation and officers for whom active duty obligation has been
waived shall be separated for cause under reference (k).

7.  Professional Qualifications.  To be eligible for appointment
in the Medical Corps or for voluntary recall from the Reserve
Component to the ADL, the applicant must meet the following
educational requirements:

a.  Physician (Doctor of Medicine).  Must be a graduate of a
medical school in the United States, Canada, or Puerto Rico,
approved by the Liaison Committee on Medical Education of the
American Medical Association and be licensed to practice
medicine or surgery in a State, territory, or commonwealth of
the United States or the District of Columbia, except as noted

6

OPNAVINST 1120.4B
7 JUL 2011

in reference (1).  Applicants for appointments to the ADL must
have completed at least 12 months of first year GME1 subsequent
to graduation unless selected for GME1 (internship) in the Navy.
Applicants for appointment in the Reserve Component may be
appointed during their first year of GME1 prior to acquiring a
license.  Officers who fail to satisfactorily complete their
first year of GME1 may be reappointed in another competitive
category to complete any incurred active duty obligation.  ASN
(M&RA) may relieve an officer of incurred active duty
obligation, considering the recommendation and supporting
justification by DCNO (N1), when such action would be in the
best interest of the Navy.  Officers with no incurred active
duty obligation and officers for whom active duty obligation has
been waived shall be separated for cause under reference (k).

     b.  Physician (Doctor of Osteopathy) (DO).  Must be a
graduate of a college of osteopathy approved by the American
Osteopathic Association and be licensed to practice medicine,
surgery, or osteopathy in a State, territory, or commonwealth of
the United States or the District of Columbia, except as noted
in reference (1).  Appointments to the ADL must have completed
at least 12 months of first year GME1 subsequent to graduation
unless accepted for GME1 (internship) in the Navy.  Applicants
for appointment in the Reserve Component may be appointed during
their first year of GME1 prior to acquiring a license.  Officers
who fail to satisfactorily complete their first year of GME1 may
be reappointed in another competitive category to complete any
incurred active duty obligation.  ASN (M&RA) may relieve an
officer of incurred active duty obligation, considering the
recommendation and supporting justification by DCNO (N1), when
such action would be in the best interest of the Navy.  Officers
with no incurred active duty obligation and officers for whom
active duty obligation has been waived shall be separated for
cause under reference (k).

     c.  Physician Graduates of Foreign Medical Schools.
Practicing physicians in medical and surgical specialties who
obtained their medical degrees from medical schools other than
those specified in subparagraph 7a must meet the following
requirements:

          (1) Pass either the Foreign Medical Graduate Examination
of the Medical Sciences or the previous certifying examination
of the Educational Commission on Foreign Medical Graduates.

App. 46

OPNAVINST 1120.4B
7 JUL 2011

Applicants who meet this criterion will be given entry grade credit for the initial professional degree under paragraph 9.

(2) Be certified by the American Board of Medical Specialties in the medical or surgical specialty for which being considered for appointment, or be board eligible and subsequently complete certification within 1 year of commissioning.  Officers who fail to attain certification shall be separated for cause under reference (k).

(3) Complete GME1 in the United States, Canada, or Puerto Rico in programs approved by the Accreditation Council for Graduate Medical Education or the American Osteopathic Association creditable under paragraph 8 below.

(4) Be licensed to practice medicine or surgery in a State, territory, or commonwealth of the United States or the District of Columbia, except as noted in reference (l).

(5) Be physicians in good standing and currently engaged in clinical practice of the specialty for which being considered.

(6) Demonstrate written and spoken proficiency in the English language in an interview with a Navy physician.

d.  Entry Level Appointment of Graduates of Foreign Medical Schools.  When authorized appointment sources cannot supply the required number of entry level accessions qualified under the criteria in subparagraphs 7a and 7b, DCNO (N1) may authorize procurement of graduates of foreign medical schools who are certified by Chief, BUMED, to be professionally acceptable. DCNO (N1) may authorize this exception for specified medical or surgical specialties for a specified period of time.

8.  Examination of Professional Qualifications.  The Chief, BUMED, shall review the credentials and examine the professional qualifications of all applicants for appointment in the Medical Corps or for voluntary recall of a Reserve officer to active duty.  Credentials shall be verified by the Navy Medicine Support Command, Centralized Credentials and Privileging Directorate as a part of the accession package prior to review by the Chief, BUMED.

8

OPNAVINST 1120.4B
7 JUL 2011

a. <u>Voluntary Recall</u>.  Reserve and retired officers must be doctors in good standing, currently engaged in medical practice, have current board certification in the medical or surgical specialty for which recalled, and provide documentation necessary to recertify professional qualifications as indicated in reference (m) in order to be recalled.  BUMED, or designee, shall recertify professional qualifications specified for appointment in paragraph 7.  Recalled officers will be recalled in the rank held as a reserve and will not have entry grade recomputed.

b. <u>Professional Review Procedure</u>

(1) BUMED shall appoint a Medical Corps Professional Review Board (PRB) to examine the professional qualifications of all applicants.  The PRB shall be composed of senior Medical Corps officers on the ADL.  At least three, but not more than five, PRB members shall review applicants' records.  The senior member of the PRB shall be in the grade of captain or above.  When considering applicants for classification in one of the specialties, the PRB shall confer with an officer designated by BUMED, as the medical or surgical specialty leader when readily available.  When the specialty leader is not readily available, the PRB shall confer with another physician certified to practice in the specialty being considered.

(2) The PRB may require applicants to demonstrate their professional qualifications by written, oral, or practical examination.  The PRB will review the applicant's credentials, including academic performance, post-graduate medical training, professional and managerial experience, professional recognition, such as membership in professional societies and authorship of professional publications, professional reputation, current experience in a primary specialty, and level of certification and licensure.

(3) The PRB shall recommend to Chief, BUMED, which specific qualifications of the table in paragraph 9 are met; recommend entry grade credit for those qualifications; state the degree to which documented supervisory and managerial experience qualifies applicants for appointment in grades O5 and above for assignment to specific classes of command, executive and administrative billets in those grades; provide an evaluation of the quality and desirability of the candidate based on their

9

OPNAVINST 1120.4B
7 JUL 2011

professional qualifications and experience in the medical or
surgical specialty for which being considered and confirm the
authenticity of the documents comprising the entering
professional credentials file.  The PRB shall make its report
directly to BUMED, or delegated authority, without intervening
endorsements or clearances.

    (4) BUMED, or its designee, shall make recommendations
regarding approval or disapproval directly to COMNAVCRUITCOM,
without intervening endorsements or clearances.

    (5) Once BUMED has evaluated the applicant's
professional qualifications, COMNAVCRUITCOM shall determine
whether the applicant is qualified for a commission as a medical
officer in the primary medical or surgical specialty for which
designated.  Except as provided in paragraph 14, no applicant
shall be appointed as a Medical Corps officer without these
determinations.

9.  Entry Grade Credit.  A prospective Medical Corps officer's
entry grade and rank within grade shall be determined by the
number of years of entry grade credit awarded on original
appointment, designation, or assignment as a Medical Corps
officer.  The entry grade credit to be awarded shall equal the
sum of constructive service credit and prior commissioned
service credit (other than as a commissioned warrant officer),
except in cases where the total exceeds the maximum credit
allowed, and as stated in the below table.  A period of time
shall be counted only once when computing entry grade credit.
Prior commissioned service credit includes commissioned service
on active duty or in an active status as a commissioned officer
as required by references (e) and (f).  Constructive service
credit includes credit for advanced education and training and
may also include credit for professional experience.  Entry
grade credit will be subject to the computation and maximum
credit criteria in paragraphs 10 and 11 and as specified in the
following table.

App. 49

OPNAVINST 1120.4B
7 JUL 2011

ENTRY GRADE CREDIT TABLE

| | PRIOR COMMISSIONED SERVICE CREDIT | CREDIT |
|---|---|---|
| 1. | Commissioned service on active duty in an active status as a Medical Corps officer in any of the uniformed services in the specialty being appointed. | 1 year for each year. |
| 2. | Commissioned service on active duty or in an active status in any of the uniformed services other than as a Medical Corps officer. | One-half year for each year. |
| 3. | Initial medical doctor (MD) or Doctor of Osteopathic degree awarded under criteria in paragraph 7. | 4 years. |
| 4. | Successful completion of first year GME1. | 1 year. |
| 5. | Graduate medical education towards American Board Specialty Certification.  To be credited, the education must have occurred after the GME1 in qualification 4 above, be in a medical or surgical specialty authorized by CNO in reference (n), part E, and to which the applicant will be assigned, and be creditable toward certification by an American Specialty Board or certification equivalence awarded by BUMED. | 1 year for each year or school year. |
| 6. | Advanced degrees, in addition to specialty and subspecialty training in qualifications 3 through 5 of this table.  The degree must be in a field listed in enclosure (1) that contributes directly to performance in the primary medical or surgical specialty to which the applicant will be appointed.  Credit may be given for only one degree in a single field. Credit for the degree shall be based on full-time equivalent education but not more than 2 years | 1 year for each year (or school year) limited by level of degree earned. |

11

App. 50

OPNAVINST 1120.4B
7 JUL 2011

| | PRIOR COMMISSIONED SERVICE CREDIT | CREDIT |
|---|---|---|
| | for a master's degree and 3 years for a doctorate degree.  Credit for a master's may not be added to credit for a doctorate degree.  Credit shall not be awarded for a degree earned concurrently with the primary credential (i.e., MD or DO).  A period of time will only be counted once. | |
| 7. | Experience as a practicing physician after graduation from medical or osteopathic school.  No credit may be given for practice outside the United States, and Puerto Rico, Canada except when BUMED certifies the level of clinical practice in a given primary medical or surgical specialty to be equivalent to practice in the United States. | One-half year for each year of experience up to a maximum of 3 years. |
| 8. | In unusual cases, additional credit may be granted for special professional experience in the specialty in which appointed when that experience is accrued after obtaining the qualifying degree.  This additional credit applies only to individuals who have an experience level that uniquely distinguishes that from the normal qualifications required for appointment as a commissioned officer.  Maximum credit for experience must be earned under qualification 7 of this table before earning any experience credit under this paragraph.  Credit under this provision will not be given to health professionals solely on the basis of special experience that is unassociated with advanced education or an advanced degree. | 1 year for each year of special professional experience (if 6 months or less no credit will be granted). |

OPNAVINST 1120.4B
7 JUL 2011

10.  <u>Limits and Computation of Entry Grade Credit</u>.  Entry grade
credit shall be computed as follows:

    a.  A period of time or special qualification shall be
counted only once.

    b.  Qualifying period of less than 1 full year shall be
credited proportionately to the nearest day except where noted
otherwise.

    c.  Credit will not be awarded for service as an enlisted
member, warrant officer, or commissioned warrant officer.

    d.  In general, credit will not be granted for work
experience prior to the qualifying degree.

    e.  Graduates of the Service academies will not be awarded
credit for service performed or education, training, or
experience obtained before graduation from the academy.

    f.  Credit will not be awarded for graduate education under
paragraphs 4 through 6 of the entry grade credit table for
periods during which the applicant served as a commissioned
officer.  Credit for such service shall be awarded under
paragraph 1 or 2 of the entry grade credit table.

    g.  The recall of a Medical Corps officer in the Reserve
Component not on the ADL is not an original appointment;
therefore, such officers are not entitled to additional entry
grade credit.

11.  <u>Maximum Entry Grade Credit</u>.  Total entry grade credit
granted shall normally be limited to 15 years.  After
considering the recommendations of DCNO (N1), ASN (M&RA) may
waive the 15-year limit on a case-by-case basis in the following
circumstances:

    a.  <u>For Appointment as a Regular Officer for Service on the
ADL</u>.  When there is a shortage against authorized strength in
the Medical Corps specialty for which the appointee is nominated
which cannot be met by the following:

13

App. 52

OPNAVINST 1120.4B
7 JUL 2011

     (1) Direct and in-service procurement of qualified health professionals in the grades of lieutenant commander and below.

     (2) Voluntary recall to active duty of qualified Reserve officers.

     (3) Continuation of officers subject to mandatory retirement for service under reference (o).

     (4) In-zone promotion under the 5-year promotion plan approved by Secretary of the Navy (SECNAV).

     (5) When a gross inequity to the applicant would otherwise result.

    b. <u>For Appointment in the Reserve Component</u>. When there is a shortage against authorized strength in the Medical Corps specialty for which the appointee is nominated which cannot be met by the following:

     (1) Transfer of officers from the ADL.

     (2) Direct procurement of qualified health professionals in the grades of lieutenant commander and below.

     (3) In-zone promotion under the 5-year promotion plan approved by SECNAV.

     (4) A gross inequity to the applicant would otherwise result.

12. <u>Entry Grade Credit in Transition Period</u>. This instruction provides for entry grade credit to be awarded to individuals being appointed in the Medical Corps from the effective date of this instruction. There shall be no retroactive changes, as a result of this instruction, to the entry grade credit granted to officers appointed in the Medical Corps prior the date of this current instruction.

13. <u>Appointments</u>. Appointments in the Medical Corps shall be made subject to the following guidance:

14

OPNAVINST 1120.4B
7 JUL 2011

a.  Entry Grade.  A prospective Medical Corps officer who is
not awarded entry grade credit under the entry grade credit
table shall be appointed in the grade of lieutenant with the
date of rank coinciding with the date of appointment.  A
prospective Medical Corps officer who is awarded entry grade
credit under the entry grade credit table shall be appointed in
a grade based on total entry grade credit awarded under
reference (e).  The minimum entry grade credit required for each
grade is equal to the promotion flow points prescribed in the
approved annual 5-year promotion plan in effect at the time of
appointment.  Under references (b) and (c), officers transferred
from other uniformed services into the Medical Corps of the Navy
shall continue to hold the same grade and date of rank held in
their prior uniformed service except as provided in reference
(c).

b.  Date of Rank.  When the minimum entry grade credit
required for appointment in a given grade is granted, the date
of rank shall be the date of appointment.  When entry grade
credit is granted in excess of the minimum years required for
appointment in a given grade, but less than the amount necessary
to justify the next higher grade, the excess credit shall be
used to adjust the date of rank within grade.

c.  Assignment of Precedence.  Each appointee will be placed
on the ADL as follows:

(1) Appointees ordered to active duty or retained on
active duty (other than Reserve officers on active duty for
special work (ADSW)) and mobilized reserve as described in
reference (d), section 641, incident to appointment, shall be
placed on the ADL under reference (p).

(2) Officers in the grades of lieutenant, lieutenant
commander, and commander, in-zone and above-zone eligible
officers whose placement on the ADL is within 1 year of the
convening dates of selection boards are automatically deferred
unless they specifically request to be considered.  Under
reference (g), the officer may waive this deferment and request
consideration for promotion, in writing, to Navy Personnel
Command (NAVPERSCOM) (PERS-802), 5720 Integrity Drive,
Millington, TN 38055.  The waiver request must be received by

15

App. 54

OPNAVINST 1120.4B
7 JUL 2011

NAVPERSCOM Eligibility and Promotion Branch (PERS-802) not later
than 1 day prior to the convening date of board.  If NAVPERSCOM
(PERS-802) receives a timely written waiver request from an
officer otherwise eligible for consideration, that officer's
record shall be placed before the selection board for
consideration.  Once waived, deferment will not be reinstated.

     (3) Appointees on the RASL not concurrently ordered to,
or retained on, active duty, other than ADSW described in
reference (d), section 641, shall be placed on the inactive duty
precedence list.

14.  Application Processing

     a.  To facilitate rapid application processing, DCNO (N1)
will establish all military and professional documentation
required for the application.

     b.  Completed applications for appointment on the ADL shall
be forwarded expeditiously to COMNAVCRUITCOM, 5722 Integrity
Drive, Building 784, Millington, TN 38054-5057.

     c.  The professional credentialing documents must be
obtained from the issuing source or validated for authenticity
through contact with the issuing source or a secondary source
approved by the Surgeon General to meet the requirements of
reference (m).

     d.  COMNAVCRUITCOM shall immediately notify DCNO (N1) of any
contact initiated by Members of Congress, political appointees
of the Executive Branch, or members of the Federal judiciary who
desire to seek a commission in the Navy Reserve.  DCNO (N1)
retains sole authorization authority for the initiation of any
action to recruit or process these applicants.  If authorized by
DCNO (N1), COMNAVCRUITCOM will ensure the interested applicants
are interviewed or screened to appropriate qualifications for
service entry.  COMNACRUITCOM will assess, and report to DCNO
(N1), the member's qualification (or non-qualification) for
continued processing based upon initial screening.
COMNAVCRUITCOM will provide regular reports to DCNO (N1) on the
status of these applicants.  COMNAVCRUITCOM will immediately
notify DCNO (N1) when any applicant in these special status
categories has been determined to be unqualified for
commissioning, or when any applicant has been professionally

16

App. 55

OPNAVINST 1120.4B
7 JUL 2011

recommended by a selection board for commissioning.  All letters
of notification of selection for commission, or
disqualification, to any applicant in this category will be
approved by DCNO (N1) or higher authority.

15.  Responsibilities

    a.  DCNO (N1) shall:

        (1) Ensure successful execution of the policy and
program guidance in this instruction;

        (2) Procure and appoint Medical Corps officers per this
instruction;

        (3) Establish the annual accession plan for the Active
and Reserve Components;

        (4) Approve entry grade credit and establish entry
grades and dates of rank of Medical Corps officers per the
guidelines in this instruction; and

        (5) Ensure that all direct accession applications are
processed within the maximum time standard in this instruction.

    b.  BUMED shall:

        (1) Certify professional qualifications and provide the
calculation of entry grade credit to DCNO (N1); and

        (2) Establish the Medical Corps PRB and review
qualifications required by reference (q).

    c.  COMNAVCRUITCOM shall:

        (1) Determine grade and date of rank based on
calculations provided by BUMED, subject to approval of DCNO
(N1), per the guidelines in this instruction; and

        (2) Maintain statistical data required for preparation
of summary reports for DCNO (N1) and for special reports when
required by ASD (HA) or ASN (M&RA).

17

OPNAVINST 1120.4A
7 JUN 2011

16.  Records Management.  Records created as a result of this instruction, regardless of media and format, shall be managed per SECNAV Manual 5210.1 of November 2007.

17.  Reports Control.  The PRB reports required by subparagraph 11f are exempt from reports control per SECNAV M-5214.1 of October 2011.

M. E. FERGUSON III
Vice Admiral, U.S. Navy
Deputy Chief of Naval Operations
(Manpower, Personnel, Training
and Education)

Distribution:
Electronic only, via Department of the Navy Issuances Web site
http://doni.documentservices.dla.mil

14

OPNAVINST 1120.4B
7 JUL 2011

## CREDIT FOR SPECIAL EXPERIENCE AND ADVANCED EDUCATION

1.   Credit for advanced education may be awarded for master's or doctorate degrees when the degree contributes directly to performance in the primary medical or surgical specialty to which the applicant will be assigned.   Types of advanced education that may be considered include:

    a.   Post-graduate education in a medical or surgical specialty addressed in qualification 5 of paragraph 9 of the entry grade credit table.

    b.   A master's degree or doctorate degree as provided in reference (f), in the following fields, when the degree contributes directly to performance in the medical or surgical specialty to which the applicant will be appointed as addressed in qualification 6 of the entry grade credit table:

        (1)  Anatomy

        (2)  Bacteriology

        (3)  Basic Science

        (4)  Biochemistry

        (5)  Clinical Laboratory Science

        (6)  Education (medical-related sciences)

        (7)  Environmental Health

        (8)  Immunology

        (9)  Medical Entomology

        (10) Medical Laboratory Sciences

        (11) Microbiology

        (12) Nuclear Medical Science

        (13) Parasitology

Enclosure (1)

OPNAVINST 1120.4B
7 JUL 2011

        (14)  Pharmacology

        (15)  Physiology

        (16)  Public Health (excluding administration)

        (17)  Virology

     c.  Advanced education fields not listed above may be
credited when the degree contributes directly toward meeting a
requirement approved by the CNO and identified by a medical or
surgical subspecialty classification code in reference (n), part
E, based on the recommendations of DCNO (N1), and is approved,
on a case-by-case basis, by ASN (M&RA).

2.  In unusual cases, credit may be awarded for special
experience or education directly related to a primary medical or
surgical specialty which uniquely distinguishes the applicant's
qualifications from the normal level of qualification required
for appointment as an officer fully trained and board-eligible
in that specialty.  Types of special experience addressed in
qualification 8 of the entry grade credit table, which may be
considered, include the following:

     a.  Full time teaching experience in primary medical or
surgical specialty.

     b.  Other experience serving in an academic appointment in
the primary medical or surgical subspecialty.

     c.  Professional experience in an advanced subspecialty
contributing directly to performance in the primary medical or
surgical subspecialty.

     d.  Experience as a board certified specialist in a second
primary medical or surgical specialty.

     e.  Graduate medical education in a medical or surgical
specialty other than that specialty to which the officer will be
assigned.  The specialty must be authorized by the CNO and
identified by a medical or surgical specialty in reference (j),
part E.

                              2                    Enclosure (1)

OPNAVINST 1120.4B
7 JUL 2011

f.  Extensive clinical experience as a practicing physician
after board certification in the primary specialty to which the
applicant will be appointed and after any creditable
commissioned service as a Medical Corps officer.  Such
experience may be credited as special experience only when the
applicant is not credited with any other special experience or
education.

g.  The maximum credit which may be granted as extensive
experience practicing the subspecialty is that amount which
would qualify the applicant for appointment in the grade next
above that grade supported by credit awarded under
qualifications 1 through 7 of the entry grade credit table in
paragraph 9, but not to qualify the applicant for appointment in
grade of O6.

3.  Credit for special experience and advanced education may be
awarded on a case-by-case basis with the approval of ASN (M&RA),
based on the recommendations and supporting justification of
DCNO (N1).

3                           Enclosure (1)



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON, D.C. 20350-1000

SECNAVINST 1412.6L
N132F/PERS-49

SECNAV INSTRUCTION 1412.6L

From:  Secretary of the Navy

Subj:  PROMOTION OF OFFICERS TO THE GRADE OF LIEUTENANT
       (JUNIOR GRADE) IN THE NAVY AND TO THE GRADE OF FIRST
       LIEUTENANT IN THE MARINE CORPS

Ref:   (a) 10 U.S.C.
       (b) DODD 1320.10 of 9 Jul 96
       (c) SECNAVINST 1920.6B
       (d) DODI 1320.4 of 14 Mar 95
       (e) SECNAVINST 1427.1C
       (f) MCO P1400.31B
       (g) MILPERSMAN 1420-030

1.  Purpose.  To prescribe regulations and procedures for
effecting permanent and temporary promotions to the grade of
lieutenant (junior grade) in the Navy and for effecting
permanent promotion to the grade of first lieutenant in the
Marine Corps.  This instruction is a complete revision and
should be reviewed in its entirety.

2.  Cancellation.  SECNAVINST 1412.6K and SECNAVINST 1421.4D.

3.  Applicability

    a.  Pursuant to references (a) through (c), the provisions
of this instruction are applicable to all ensigns on the Active
Duty List (ADL) and Reserve Active Status List (RASL) of the
Navy and all second lieutenants on the ADL and RASL of the
Marine Corps.

    b.  Discharge of these officers when not qualified for
promotion to the grade of lieutenant (junior grade) or first
lieutenant is prescribed in reference (c).

4.  Background.  Under reference (a), the Secretary of the Navy
(SECNAV) is authorized to prescribe regulations governing
promotions of ensigns in the Navy to the grade of lieutenant
(junior grade) and second lieutenants in the Marine Corps to the
grade of first lieutenant.

SECNAVINST 1412.6L

5. Policy

   a. It is the Department of the Navy (DON) policy to promote officers in the grade of ensign to the grade of lieutenant (junior grade) and officers in the grade of second lieutenant in the Marine Corps, to the grade of first lieutenant as soon as qualified, but not earlier than the date of completion of 24 months service in grade. Service in grade is computed from the officer's date of rank as an ensign or second lieutenant. Frocking is not authorized for officers being promoted to the grade of lieutenant (junior grade) or first lieutenant.

   b. The continued military service of officers not qualified for promotion is inconsistent with mission requirements of DON and with the productivity and efficiency of the officer corps. Therefore, such officers shall be discharged. Officers found unqualified for promotion shall be afforded a reasonable opportunity to overcome their deficiencies.

   c. Officers not qualified for promotion shall be separated per reference (c).

6. Appointment and Procedures

   a. The President, or designee, shall appoint each officer of the Regular Navy or Navy Reserve, or Regular Marine Corps or Marine Corps Reserve, on the ADL or RASL serving under a permanent appointment in the grade of ensign or second lieutenant to the grade of lieutenant (junior grade) or first lieutenant pursuant to reference (a), sections 624 and 12203. Actions to appoint these officers shall be submitted pursuant to the guidance in reference (d). The Chief of Naval Operations (CNO) and the Commandant of the Marine Corps (CMC) shall establish procedures to review and recommend appropriate action on all cases involving adverse information or alleged adverse information. Those officers who have engaged in misconduct that casts substantial doubt on their fitness for promotion shall be excluded from the appointment scroll. Officers excluded from the scroll may be forwarded for promotion consideration after being given the opportunity to comment.

   b. Pursuant to reference (a), section 5596, each limited duty officer (LDO) of the Regular Navy on the ADL serving under a temporary appointment in the grade of ensign shall be appointed to the grade of lieutenant (junior grade) upon completion of 24 months of service in grade. Pursuant to reference (a), section 12203, Reserve LDOs on the RASL will be appointed to the grade of

2

SECNAVINST 1412.6L

lieutenant (junior grade) upon completion of 24 months of service in grade.

c.  Officers so appointed have a date of rank beginning from their date of appointment to lieutenant (junior grade) or first lieutenant. Pay and allowances are effective on and accrue from this same date. The officers appointed are considered as having accepted the appointment unless the appointment is expressly declined or the appointment is delayed under the provisions of this instruction. Reserve officers so appointed will be assigned a running mate, precedence number and competitive category as prescribed in reference (e).

d.  An example of computing eligibility for promotion under this authority is illustrated in the case of an ensign whose date of rank is 2 October 2003. Such officer will complete 24 months in grade on 1 October 2005 and will be eligible for promotion the following day, 2 October 2005.

7.  <u>Qualification for Promotion</u>. Officers approved for appointment by the Secretary of Defense (SECDEF) to the grade of lieutenant (junior grade) or first lieutenant are subject to each appointee's qualifications for promotion. Commanding officers (COs) are authorized to make the initial determination as to the basic qualifications of officers under their command to serve in the grade of lieutenant (junior grade) or first lieutenant. The decision to delay an appointment should be given due consideration to the officer's potential for future service in the higher pay grade. The qualifications for promotion include the following:

a.  <u>Physical Qualifications</u>. Physical qualifications for promotion shall be established by the CNO and the CMC in consultation with the Surgeon General of the Navy. Governing regulations are contained in references (f) and (g).

b.  <u>Mental, Moral, and Professional Qualifications</u>. The CO shall determine whether the officer is mentally, morally, and professionally qualified for permanent or temporary promotion, as applicable.

(1) An officer's overall professional performance, skills, abilities, and personal traits, in aggregate, should be weighed in making that determination.

(2) Failure to completely qualify in a professional specialty field or satisfactorily conduct a given task should not

3

SECNAVINST 1412.6L

alone be considered grounds for delay of promotion.

8.  Promotion Delay.  The promotion of an officer under this
instruction to the grade of lieutenant (junior grade) or first
lieutenant may be delayed under the following guidelines:

   a.  Delay for Administrative or Legal Reasons.  An officer's
promotion can be delayed if:

      (1) Sworn charges against the officer have been received
by an officer exercising general courts-martial jurisdiction over
the officer and such charges have not been disposed of;

      (2) An investigation is being conducted to determine
whether disciplinary action of any kind should be brought against
the officer;

      (3) A board of inquiry (BOI) has been convened under
reference (c) to determine if officers should be required to show
cause for retention due to misconduct, moral, or professional
dereliction, substandard performance, or because their retention
is not in the best interest of national security; or

      (4) A criminal proceeding in a Federal or State court is
pending against the officer.

If no disciplinary action is taken against the officer, if the
charges against the officer are withdrawn or dismissed, if the
officer is not ordered removed from active duty by SECNAV under
reference (c), or if the officer is acquitted, as the case may be,
then, unless action has been taken to delay the appointment under
paragraph 8b, the officer shall be promoted with the same date of
rank, same effective date for pay and allowances of the grade to
which promoted, and the same position on the ADL or RASL as the
officer would have had if no delay had intervened.

   b.  Delay for Physical, Mental, Moral, or Professional
Reasons.  An officer's promotion may be delayed in any case when
there is cause to believe the officer is mentally, physically,
morally, or professionally unqualified to perform duties of that
grade.  If the officer is subsequently found qualified for
promotion to such grade, the officer shall, upon such promotion,
have the same date of rank, same effective date for pay and
allowances in the higher grade to which appointed, and the same
seniority position as if no delay had occurred, unless the Chief
of Naval Operations (Manpower, Personnel, Training and Education)
(CNO (N1/NT)) or CMC determines the officer was unqualified for

4

SECNAVINST 1412.6L

promotion for any part of the delay.  If CNO (N1/NT) or CMC makes
such a determination, they can adjust the officer's date of rank,
effective date of pay and allowances, and position on the ADL or
RASL.

    c.  Written Notice.  Promotion of officers may not be delayed
under the provisions of this instruction unless the officers have
been given written notice of the grounds for the delay.  Where it
is impracticable to give such written notice before the effective
date of the appointment, written notice shall be given as soon as
practicable.  Officers whose promotions have been delayed shall
be afforded an opportunity to make a written statement to
Commander, Navy Personnel Command (COMNAVPERSCOM) or CMC via
their CO.  The CO may make further comment on the officer's
statement if desired.  If the officers do not desire to make a
statement, they shall so state in writing.  Correspondence
initiated under this instruction will be forwarded with the
report required in paragraph 10e to NAVPERSCOM (PERS-483), copy
to NAVPERSCOM (PERS-4802), or CMC (MMPR), as appropriate.

    d.  Review of Promotion Delay Recommendations.  A promotion
delay initiated by a CO is reviewed by COMNAVPERSCOM or CMC.
COMNAVPERSCOM or CMC will make a final determination regarding
the CO's initial finding that the officer is unqualified for
promotion and approve/disapprove the delay of promotion.  If the
delay is:

        (1) Terminated by COMNAVPERSCOM or CMC.

        (2) The CO later determines the officer is qualified for
promotion and obtains approval from COMNAVPERSCOM or CMC to
rescind the delay, the officer shall be promoted with the same
date of rank, the same effective date for pay and allowances in
the higher grade to which appointed, and the same seniority
position as if no delay had occurred, unless CNO (N1/NT) or CMC
determines the officer was unqualified for promotion for any part
of the delay.  If CNO (N1/NT) or CMC makes such a determination,
they can adjust the officer's date of rank, effective date of pay
and allowances, and position on the ADL or RASL.

    e.  Period of Delay Prior to Retention or Discharge

        (1) An officer whose promotion is delayed shall not be
discharged or released for a minimum of 6 months after the date
on which the original promotion would have occurred, unless
retention is inconsistent with good order and discipline.  If
COMNAVPERSCOM or CMC determines the officer is still unqualified

5

SECNAVINST 1412.6L

for promotion at the completion of the 6-month period prescribed, the officer may be discharged by SECNAV.

(2) As prescribed by reference (b), officers (other than LDOs serving under a temporary appointment) who are unqualified for promotion to the grade of lieutenant (junior grade) or first lieutenant at the end of the 6-month period described in paragraph 8e(1) may be retained on active duty by COMNAVPERSCOM or CMC, acting for SECNAV, when it is determined to be in the best interests of the service. However, such officers shall be discharged not later than the end of the 18-month period beginning on the date on which the officers are first found unqualified for promotion by their CO unless that officer has been promoted.

(3) LDOs in the Navy who are serving in the grade of ensign under a temporary appointment and are found not qualified for promotion to the grade of lieutenant (junior grade) after any applicable period of delay shall have such appointment terminated. Upon termination of the temporary appointment, the members will revert to their permanent enlisted or warrant officer status.

9. Declination of Appointment. Should an officer eligible for promotion under provisions of this instruction decline appointment to lieutenant (junior grade) or first lieutenant, as appropriate, the appointment terminates and the officer shall be released from active duty. Officers who have not incurred a period of obligated active duty service for any of the reasons listed below shall be released from active duty immediately. Officers who have completed 6 years total service required by reference (a), section 651, shall be discharged. LDOs in the Navy serving in the grade of ensign under a temporary appointment shall have their appointment terminated and shall revert to their permanent enlisted or warrant officer status. Release from active duty shall occur upon the completion of any period of obligated active duty service incurred as a result of:

a. Service prescribed in the officer program through which accessed and incurred by the officer in consideration for being tendered an initial appointment.

b. Service in a competitive category, designator, occupational field, military occupational specialty or other authorized officer classification in which COMNAVPERSCOM or CMC determines that significant personnel shortages result in necessity for retention.

6

SECNAVINST 1412.6L

   c.  Participation in fully funded education programs including Naval Academy, Naval Reserve Officer Training Corps, Armed Forces Health Professions Scholarships, Uniformed Services University of the Health Sciences, and equivalent funded education programs.

   d.  Participation in advanced education or technical training requiring additional obligated service, including postgraduate education, service school or college, law school, medical residency, flight training, naval flight officer training, and equivalent programs.

   e.  Official notification of orders, or executed orders when the officer has not served the required period of time at the new duty station, as prescribed by COMNAVPERSCOM or CMC.

   f.  Lateral transfer between competitive categories or designators.

   g.  Entrance into a program.

   h.  Receiving an incentive pay, continuation pay, or bonus.

10.  <u>Action</u>

   a.  <u>Navy</u>.  COs will effect the permanent or temporary promotion, as applicable, of qualified officers under their command by notification in writing using NAVPERS 1421/7 (Rev. 05-05), Delivery of Temporary/Permanent Appointment, citing this instruction and reference (a), section 624, for ADL line and staff corps officers, or reference (a), section 5596, for ADL LDOs.  For all RASL officers, cite this instruction and reference (a), section 12203.  The appointee shall indicate by endorsement thereon that they accept or decline the appointment. Commands preparing NAVPERS 1421/7 must change the words "temporary appointment" to read "permanent appointment" in the case of line and staff corps officers (other than LDOs). Following receipt of NAVPERS 1421/7 by NAVPERSCOM (PERS-4802), commissions will be prepared and forwarded to officers as soon as possible.

   b.  <u>Marine Corps</u>.  CMC will authorize COs by message to effect the promotion of qualified second lieutenants on the ADL or RASL when they are eligible for promotion to the grade of first lieutenant under this instruction.  Certificates of promotion will be mailed by Headquarters Marine Corps as soon as practicable.

7

SECNAVINST 1412.6L

c.  Declination of Appointments.  Should an officer eligible
for promotion under the provisions of this instruction elect to
decline appointment, the officer shall so state by special
endorsement, in which case such appointment terminates.  The CO
shall forward the original of the officer's declination to
NAVPERSCOM (PERS-4802) or CMC (MMPR) for processing.

d.  Temporary Additional Duty (TEMADD).  Should officers be
assigned away from their command temporarily, the CO of the
TEMADD activity may effect the promotion of those officers with
the concurrence of the parent CO.  To avoid delay, parent COs
may provide concurrence in advance.

e.  Report of Delay of an Appointment.  Any action taken by
the CO to delay an appointment under this instruction shall be
reported to NAVPERSCOM (PERS-483), copy to (PERS-4802), or by
letter to CMC (MMPR), as appropriate.  This report will include
the circumstances, all correspondence pertinent to the decision
to delay to include the officer's written statement in response
as provided in paragraph 8c, the date the officer was first found
not qualified, and any recommendations in the case.  This report
shall be made as soon as practicable, but no later than 15 days
after the date on which the promotion would have occurred.

(1)  The CO will advise NAVPERSCOM (PERS-483), copy to
(PERS-4802), or CMC (MMPR), as appropriate, when an officer whose
appointment has been delayed is later considered to be qualified
for, and recommended for, promotion.

(2)  If the officer remains unqualified or has not been
promoted at the completion of the 6-month period described in
paragraph 8e, the CO will advise NAVPERSCOM (PERS-483) or the CMC
(MMPR), as appropriate, and make recommendations with regard to
promotion, continued delay of promotion, retention on active
duty, or discharge.

(3)  COs shall ensure compliance with administrative
procedures outlined in paragraphs 8 and 9.

f.  Recommendations and Administration.  NAVPERSCOM or CMC
(MM), as appropriate, shall:

(1)  Provide recommendations for discharge to SECNAV
concerning officers who have been found unqualified for
promotion and are subject to discharge as provided in this
instruction.

8

SECNAVINST 1412.6L

    (2) Establish internal procedures for administering the appointment, promotion, delay of promotion, retention, or discharge of ensigns or second lieutenants as appropriate, per this instruction.

11.  Posthumous Promotions.  Section 1521 of reference (a), establishes provisions to issue posthumous commissions.  The following criteria apply:

    a.  Commissioned Officers.  Commissioned officers may be appointed, by the President (or designee), to the next higher grade if:

    (1) The officer had been appointed to a commissioned grade but was not able to accept the appointment due to death in the line of duty.

    (2) The officer was officially recommended for appointment or promotion to a commissioned grade and approved by SECNAV but was not able to accept the appointment due to death in the line of duty.

    b.  The officer's name shall be carried on the records of the Navy or Marine Corps as if the officer had served in the grade in which posthumously commissioned from the date CNO or CMC, as appropriate, recommends approval of the appointment to the date of death.

    c.  No beneficiary is entitled to any bonus, gratuity, pay, or allowances by virtue of a posthumous promotion.

12.  Report and Form

    a.  Report symbol BUPERS 1412-1 has been assigned to the reporting requirements contained in paragraph 10e and is approved per SECNAVINST 5214.2B.

    b.  NAVPERS 1421/7 (Rev 05-05), Delivery of Temporary or Permanent Appointment, S/N 0106-LF-127-6300, may be obtained using requisitioning procedures contained in Navy Forms Online at http://forms.daps.dla.mil.

                         William A. Navas, Jr.
                         Assistant Secretary of the Navy
                         (Manpower and Reserve Affairs)

                         9

SECNAVINST 1412.6L

Distribution:
Electronic only via Navy Directives Web site
http://neds.daps.dla.mil/

DEPARTMENT OF THE NAVY
Office of the Secretary
Washington, DC 20350-1000

SECNAVINST 1421.4D
OP-130R2
21 September 1988

## SECNAV INSTRUCTION 1421.4D

From: Secretary of the Navy
To: All Ships and Stations

Subj: PROMOTION OF OFFICERS TO THE PERMANENT GRADE OF LIEUTENANT JUNIOR GRADE IN THE NAVAL RESERVE AND TO THE GRADE OF FIRST LIEUTENANT IN THE MARINE CORPS RESERVE

Ref: (a) Title 10, United States Code (NOTAL)
(b) SECNAVINST 1412.6J
(c) SECNAVINST 1920.6A
(d) MCO P1900.16C (NOTAL)
(e) SECNAVINST 1427.1B
(f) MCO P1400.31 (NOTAL)
(g) MILPERSMAN 2220150

1. **Purpose.** To prescribe procedures for promotions to the permanent grade of lieutenant junior grade in the Naval Reserve and first lieutenant in the Marine Corps Reserve pursuant to reference (a), and for the removal from an active status or discharge of officers who are not qualified to be promoted to these grades. This is a complete revision and should be reviewed in its entirety.

2. **Cancellation.** SECNAVINST 1421.4C

3. **Applicability.** This instruction applies to Reserve ensigns and Marine Corps second lieutenants who are not on the active duty list and are not subject to reference (b). Included are Naval Reserve Officers assigned to the Training and Administration of the Reserve (TAR) program, Marine Corps Reserve officers on active duty in full time support of the Reserve Establishment, Reserve officers on active duty for special work (ADSW), officers on active duty for training (ACDUTRA), officers in the Uniformed Services of the University Health Sciences (USUHS) program, and Reserve officers serving on inactive duty.

4. **Background.** Section 5908 of reference (a) states that Naval Reserve ensigns and Marine Corps Reserve second lieutenants may be promoted under regulations prescribed by the Secretary of the Navy whenever ensigns and second lieutenants on the active duty list are being promoted with less than 3 years of service in grade. Regulations issued under section 5910 must provide for equality of opportunity for consideration for promotion among officers of the Naval Reserve and among officers of the Marine Corps Reserve.

5. **Policy**

a. Department of the Navy policy is to promote ensigns and second lieutenants as soon as qualified after completing 24 months of service in grade. Frocking is not authorized to the grade of lieutenant junior grade or first lieutenant.

b. The continued military service of Reserve officers not on the active duty list who are not qualified for such promotion is inconsistent with the mission requirements of the Department of the Navy, and such officers shall be discharged. Those unqualified for promotion after 24 months of service shall be given an opportunity to overcome their deficiencies. Those who do not qualify for promotion to 0-2 or who refuse to accept an appointment to 0-2 shall be processed for separation under references (c) and (d).

6. **Promotion Appointment Authority**

a. Consistent with the time-in-grade requirements specified for active duty list promotions, the Secretary of the Navy appoints to the grade of lieutenant junior grade or first lieutenant, each qualified officer, not on the active duty list of the Naval or Marine Corps Reserve, serving under an appointment in the grade of ensign or second lieutenant upon completion of 24 months of service in grade. Officers so appointed will be assigned a running mate, precedence number, and competitive category as prescribed in reference (a).

SECNAVINST 1421.4D
21 September 1988

b. Officers so appointed rank from their date of appointment to lieutenant junior grade or first lieutenant. Pay and allowances are effective and accrue from this same date. The officers so appointed are considered as having accepted the appointment unless they expressly decline the appointment or the appointment is delayed under this instruction.

c. An example of computing eligibility for promotion under this authority is illustrated in the case of an ensign/second lieutenant whose date of rank is 2 October 1985. Such officer will complete 24 months in grade on 1 October 1987 and will be eligible for promotion the following day, 2 October 1987.

7. Qualification for Promotion. Commanding officers will determine whether an officer under his or her command is qualified to serve in the grade of lieutenant junior grade or first lieutenant and must delay the promotion of those unqualified for service in the higher pay grade. Unqualified officers will not be promoted. Qualifications for promotion include:

a. Physical Qualifications. These standards are established by the Chief of Naval Operations and the Commandant of the Marine Corps in consultation with the Surgeon General of the Navy. Individuals must meet physical standards for active duty as specified by Commander, Naval Medical Command (references (f) and (g)).

b. Mental, Moral, and Professional Qualifications. The commanding officer will determine whether the officer is mentally, morally, and professionally qualified for promotion based upon the officer's overall professional performance, skills, abilities, and personal traits. Failure to completely qualify in a professional specialty field or satisfactorily conduct a task should not alone be considered grounds for delay of promotion.

c. Age-in-Grade Restrictions. Restrictions for age in grade are found in reference (c)

8. Delay of Promotion. The promotion of an officer to 0-2 may be delayed under the following guidelines:

a. Delay for Administrative or Legal Reasons. The commanding officer may delay promotion when:

(1) Sworn charges against the officer have been received from an officer exercising general court-martial jurisdiction over the officer and such charges have not been disposed of.

(2) An investigation is being conducted to determine whether disciplinary action should be brought against the officer.

(3) A board of officers or board of inquiry has been ordered to convene under reference (c) to determine whether that officer should be separated for cause due to misconduct, moral or professional dereliction, substandard performance, or because retention is not in the best interest of national security.

(4) A criminal proceeding in a federal or state court is pending against the officer.

b. If, after a promotion has been delayed under paragraph 8a, no disciplinary action is taken against the officer, the charges against the officer are withdrawn or dismissed, the officer is not ordered administratively separated under reference (c), or the officer is acquitted of the charges against him or her then, unless action has been taken to delay the appointment under paragraph 8c, the officer will be promoted with the same date of rank, effective date for pay and allowances in the higher grade, and relative precedence position as if no delay had occurred.

c. Delay for Physical, Mental, Moral, or Professional Reasons. The commanding officer may delay promotion when there is cause to believe that the officer is mentally, physically, morally, or professionally unqualified to perform the duties of the higher grade. The officer will be given the opportunity to improve in order to become qualified to perform the duties of the next higher grade. If the officer is later found qualified for promotion, the officer shall upon promotion, have the same date of rank, effective date for pay and allowances, and relative precedence position as if no delay had occurred.

2

SECNAVINST 1421.4D
21 September 1988

d. Written Notice. The promotion of an officer may not be delayed under this instruction unless the officer has been given written notice of the reason for the delay except where impracticable due to lack of time before the intended date of the appointment. In such case, written notice will be given as soon as practicable. An officer whose promotion has been delayed shall be given an opportunity to submit a written statement to Commander, Naval Military Personnel Command (NMPC-82) or the Commandant of the Marine Corps (CMC) (Code MM) via the commanding officer. The commanding officer may comment further on the officer's statement. An officer who declines the right to make a formal statement shall so state in writing. Correspondence under this instruction will be forwarded with the report required in paragraph 10d to NMPC-82, copy to NMPC-93 and Commander, Naval Reserve Personnel Center (NRPC) (Code 40), or CMC (Code MM), as appropriate.

e. Review by the Commander, Naval Military Personnel Command (NMPC) or Commandant of the Marine Corps (CMC). The Commander, Naval Military Personnel Command or the Commandant of the Marine Corps (Code MM) will determine whether the officer is unqualified for promotion and approve or disapprove the delay of a promotion. If the delay is terminated by NMPC or CMC (Code MM) or the commanding officer later determines that the officer is qualified for promotion and obtains approval from NMPC or CMC (Code MM) to rescind the delay, the officer shall be promoted with the same date of rank, effective date for pay and allowances, and relative precedence position as if no delay had occurred.

f. Maximum Period of Delay. An officer whose promotion is delayed will not be removed from an active status for at least six months after the date on which the original promotion would have occurred unless retention is inconsistent with good order and discipline. If NMPC or CMC determines that the officer is still unqualified for promotion after the six-month period prescribed, the officer shall be removed from an active status or discharged following the guidelines for unqualified officers in reference (c).

9. Failure to Accept Appointment to 0-2. If an officer declines appointment, he or she will so state by endorsement on NAVPERS 1421/7, or by letter or administrative action form for Marine Corps, and the offer of appointment will terminate. The commanding officer shall forward the original of the officer's declination to NMPC-93 or CMC (Code MM). An officer who fails to accept an appointment to the grade 0-2 shall be processed for an Honorable discharge under, and subject to, the limitations of reference (c).

10. Action

a. Navy. Commanding officers shall promote qualified officers in writing using NAVPERS 1421/7, citing this instruction and section 5908 of reference (a). The appointee will accept or decline the appointment by written endorsement. After receipt of the NAVPERS 1421/7 by NMPC-93, commissions will be forwarded to the officer. To speed receipt of the commission, commands should include a self-addressed OP-NAV 5216/148 (DON mailing label) with the original NAVPERS 1421/7.

b. Marine Corps. The CMC will authorize commanding officers by message to promote qualified second lieutenants. Certificates of promotion will be mailed by Headquarters, Marine Corps as soon as practicable.

c. Temporary Additional Duty (TAD). The commanding officer of the temporary duty activity may promote that officer with the written concurrence of the parent commanding officer. To avoid delay, parent commanding officers may concur in advance.

d. Report of Delay of an Appointment. Commanding officers must report any delay of an appointment by letter to NMPC-82, or CMC (Code JAS). The report will include the date and reason the officer was found not qualified and a recommendation for disposition.

11. Report and Forms

a. The report required by this instruction is exempt from reports control by SECNAVINST 5214.2A.

3

SECNAVINST 1421.4D
21 September 1988

b. NAVPERS 1421/7 (REV. 2-82), S/N
0106-LF-014-2138, and OPNAV 5216/148
(DON mailing label), S/N 0107-LF-778-8130
may be obtained through normal supply channels
per NAVSUP P2002.

KENNETH P. BERGQUIST
Assistant Secretary of the Navy
(Manpower and Reserve Affairs)

Distribution:
SNDL Parts 1 and 2
MARCORPS Codes H and 1

Commander
Naval Data Automation Command
(Code 813)
Washington Navy Yard
Washington, DC 20374-1662 (200 copies)

Stocked:
CO, NAVPUBFORMCEN
5801 Tabor Avenue
Philadelphia, PA 19120-5099 (500 copies)

4

http://www.public.navy.mil/bupers-npc/reference/messages/Docume...

ADMINISTRATIVE MESSAGE

ROUTINE

R 222028Z APR 02 ZYB MIN PSN 574426J28

FM SECNAV WASHINGTON DC//SN//

TO ALNAV

UNCLAS
ALNAV 033/02

MSGID/GENADMIN/SECNAV//

SUBJ/CANCELLATION OF THE FY-03 LIEUTENANT SELECTION BOARDS//

REF/A/DOC/FY-02 NDAA/-/21DEC2001//

REF/B/DOC/USC TITLE 10/-/21DEC2001//

REF/C/DOC/ALNAV/DTIME:142010//

REF/D/DOC/ALNAV/DTIME:071316//

NARR/REF A IS THE FY-02 NATIONAL DEFENSE AUTHORIZATION ACT.  REF B
IS U.S. CODE TITLE 10 SECTIONS 624 AND 14308.  REF C IS ALNAV 115/01.
REF D IS ALNAV 112/01.//

RMKS/1.  THE FY-03 ACTIVE DUTY LIST AND RESERVE ACTIVE STATUS LIST
LIEUTENANT PROMOTION SELECTION BOARDS ARE HEREBY CANCELLED.
REFERENCE A MODIFIES REFERENCE B THEREBY AUTHORIZING SERVICE
SECRETARIES TO RECOMMEND ALL FULLY QUALIFIED LIEUTENANTS JUNIOR
GRADE FOR PROMOTION TO LIEUTENANT WITHOUT SELECTION BOARD ACTION.

2.  OFFICERS CONSIDERED FULLY QUALIFIED WILL BE RECOMMENDED FOR
PROMOTION.  THE APPROVED LIST OF THESE OFFICERS WILL BE PUBLISHED IN
AN ALNAV MESSAGE.  ALL FULLY QUALIFIED LIEUTENANT JUNIOR GRADE
OFFICERS WILL BE PROMOTED TO LIEUTENANT ON THE FIRST DAY OF THE
FIRST MONTH FOLLOWING THE ANNIVERSARY OF 24 MONTHS IN GRADE.
PROMOTION AUTHORITY WILL CONTINUE TO BE BY MONTHLY NAVADMIN MESSAGES.

3.  COMMANDING OFFICERS RETAIN THE AUTHORITY TO INTERPOSE OBJECTIONS
AND WITHHOLD PROMOTIONS UNTIL THE SECRETARY ADJUDICATES THE SAME.
PERS 80 HAS AMPLIFYING INFORMATION ON THE SELECTION BOARD PAGE OF
THE BUPERS WEBSITE.

4.  RELEASED BY THE HONORABLE GORDON R. ENGLAND, SECRETARY OF THE
NAVY.//

BT

1/20/2013 5:06 PM

```
UNCLASSIFIED//

RTTUZYUW RHSSXYZ0001 1101230-UUUU--RHSSSUU
ZNR UUUUU
R 201700Z APR 11
FM SECNAV WASHINGTON DC
TO AL ALNAV
ALNAV
INFO SECNAV WASHINGTON DC
CNO WASHINGTON DC
BT
UNCLAS

FM SECNAV WASHINGTON DC//
TO ALNAV
BT
UNCLAS
ALNAV 028/11
MSGID/GENADMIN/SECNAV WASHINGTON DC/-/APR//
SUBJ/FY-11 ACTIVE-DUTY NAVY LIEUTENANT LINE AND STAFF SELECTIONS//

RMKS/1.  THE SECRETARY OF DEFENSE, ACTING FOR THE PRESIDENT OF THE
UNITED STATES, HAS APPROVED THE FY-11 ACTIVE-DUTY NAVY
ALL-FULLY-QUALIFIED-OFFICERS LIST SUPPLEMENTAL, WHICH RECOMMENDED
THE FOLLOWING LINE AND STAFF CORPS OFFICERS ON THE FY-11 ACTIVE-STATUS
LIST FOR PROMOTION TO THE PERMANENT GRADE OF LIEUTENANT.

2.  THIS MESSAGE IS NOT AUTHORITY TO DELIVER APPOINTMENTS.  AUTHORITY
TO EFFECT PROMOTION WILL NORMALLY BE ISSUED BY FUTURE NAVADMINS REQUIRING
NAVPERS 1421/7 PREPARATION AND FORWARDING OF DOCUMENT TO COMNAVPERSCOM
(PERS-831).

3.  BECAUSE SENATE CONFIRMATION OF LIEUTENANTS IS NOT REQUIRED, FROCKING
MAY BE REQUESTED PER MILPERSMAN 1420-020.

4.  FOR PROPER ALPHABETICAL ORDER READ FROM LEFT TO RIGHT ON EACH LINE.
THE NUMBERS FOLLOWING EACH NAME TO THE RIGHT INDICATE THE RELATIVE SENIORITY AMONG
SELECTEES WITHIN EACH COMPETIVE CATEGORY.  MEMBERS ARE DIRECTED TO VERIFY THEIR
SELECT STATUS VIA BUPERS ON-LINE.

               SPECIAL DUTY OFFICER (HUMAN RESOURCES)
KLOTZBACH ROY MICHAEL        0001

                    MEDICAL SERVICE CORPS
BERLIN DAVID B               0004  DILLINGER AMANDA NICOL    0007
FUNCHES KELVIN LAMON         0008  JOSIAH SOBONDO            0006
MILLER JEREMY KENNETH        0002  OBERSTEIN JACOB DAVID     0005
ROBINSON LEONARD             0003  SOLANO VALENTIN OYARDO    0001

                 JUDGE ADVOCATE GENERAL'S CORPS
CANTRELLSUTOR JENNIFER       0001  HOLMES CANDACE MICHELL    0004
POINDEXTER THERESA DEN       0002  YANG LEANN SAMANTHA       0003

                        NURSE CORPS
GILBRECH APRIL ANN           0003  HOOD MARIE J              0002

                      CHAPLAIN CORPS
BUTLER CALEL JAMES           0009  FORE MATTHEW CHURHO       0008
FREIBERG JOHN ROBERT         0004  GELINAS ROBERT JAMES      0007
JORDAN CHRISTOPHER SEA       0002  LABUE STEPHEN ANTHONY     0011
```

App. 76

http://www.public.navy.mil/bupers-npc/reference/messages/Docume...

```
PEPPER GARY WELTER          0003   QUAY JOHN MARK          0012
RICE NATHAN NEIL            0014   RODGERS PAUL BENJAMIN   0006
SELITTO JEREMY COLLIN       0005   SHEEHAN PETER JOHN      0013
SHINN CARY C                0010   TAMBUR DAVID ALLEN      0015
WILLIAMS KEVIN JERROD       0001

                    CIVIL ENGINEER CORPS
DIAZ MARJORIE J             0001
```

5.  RELEASED BY THE HONORABLE ROBERT O. WORK, ACTING SECRETARY OF THE NAVY.//

```
BT
#0001
NNNN
```

1/20/2013 5:05 PM



Department of Defense

# INSTRUCTION

NUMBER 6000.13

June 30, 1997

ASD(HA)

SUBJECT:  Medical Manpower and Personnel

References: (a) DoD Directive 6000.12, "Health Services Operations and Readiness," April 9, 1996
      (b) DoD Instruction 1320.7, "Grades, Promotion Policies, Age, and Authorized Strengths in Grade for Medical and Dental Officers," September 29, 1993 (hereby canceled)
      (c) Title 10, United States Code
      (d) DoD Directive 1300.4, "Inter-Service Transfer of Commissioned Officers," April 2, 1984
      (e) through (p), see enclosure 1

## 1. PURPOSE

This Instruction:

1.1.  Implements policy, assigns responsibilities, and prescribes procedures under reference (a) to carry out medical manpower and personnel programs.

1.2.  Replaces reference (b).

## 2. APPLICABILITY AND SCOPE

This Instruction:

2.1.  Applies to the Office of the Secretary of Defense, the Military Departments, the Chairman of the Joint Chiefs of Staff, the Inspector General of the Department of Defense, the Uniformed Services University of the Health Sciences, the Defense Agencies, and the DoD Field Activities (hereafter referred to collectively as "the DoD

1

*DODI 6000.13, June 30, 97*

Components"). The term "Military Services," as used herein, refers to the Army, the Navy, and the Air Force.

2.2. Does not apply to inter-Service transfers under Section 716 of 10 U.S.C. (reference (c)), except as provided in DoD Directive 1300.4 (reference (d)), or to the original appointment of Reserve commissioned officers as Regular officers in the Regular Army, Regular Navy, Regular Air Force or Regular Marine Corps under Section 533(f) of reference (c).

## 3. DEFINITIONS

Terms used in this instruction are defined in enclosure (2).

## 4. POLICY

It is DoD policy under DoD Directive 6000.12 (reference (a)) that medical manpower, personnel, and compensation programs be established to provide the DoD Components with sufficient military medical personnel to meet all mission requirements.

## 5. RESPONSIBILITIES

5.1. The Assistant Secretary of Defense for Health Affairs, under the Under Secretary of Defense for Personnel and Readiness, shall:

5.1.1. Monitor compliance with this Instruction.

5.1.2. Provide guidance to the Services, as necessary.

5.2. The Secretaries of the Military Departments shall administer the procedures in section 6., below.

## 6. PROCEDURES

6.1. Entry Grade Credit.   A prospective health professions officer's entry grade and rank within grade shall be determined by the number of years of entry grade credit awarded on original appointment, designation, or assignment as a health professions officer.   The entry grade credit to be awarded shall equal the sum of constructive service credit and prior commissioned service credit (other than as a commissioned

2

warrant officer), except in cases where the total exceeds the maximum credit allowed, as stated in paragraph 6.1.3., below.   A period of time shall be counted only once when computing entry grade credit, and qualifying periods of less than one full year shall be proportionately credited to the nearest day, except where noted otherwise. Credit shall be awarded in accordance with this Instruction and Sections 533 and 12207 of 10 U.S.C. (reference (c)).

6.1.1.   Prior Commissioned Service Credit.   Credit for prior service as a commissioned officer (other than as a commissioned warrant officer) shall be granted to recognize previous commissioned experience, while maintaining cognizance of the level of professional knowledge, skill, and experience required at specific rank levels of each health profession.   For entry grade credit, the Medical Service Corps (MSC), the Biomedical Sciences Corps (BSC), and the Army Medical Specialist Corps (AMSC) are considered as the same Corps.   The Secretaries shall establish procedures to ensure the awarding of prior commissioned service credit is applied in an equitable and consistent manner.   Credit shall be awarded as follows:

6.1.1.1.   Service on active duty or in an active status as a commissioned officer in any of the Uniformed Services, in the corps or professional specialty in which being appointed, shall be credited on a day-for-day basis with any commissioned service performed before such appointment.

6.1.1.2.   Service on active duty or in an active status as a commissioned officer in any of the Uniformed Services, but not in the corps or professional specialty in which being appointed, shall be awarded one-half day of credit for each day served in the case of individuals seeking an original appointment as a health professions officer.

6.1.1.3.   Commissioned service on active duty or in an active status while participating in an educational program leading to appointment in a specialty in which constructive service credit is awarded, shall be awarded day-for-day credit for service performed.   An officer on active duty or in an active status who completes a program that would qualify for credit under subparagraph 6.1.2.2., below, in less than the number of years normally required to complete such education, may be given constructive credit by the Secretary of the Military Department concerned in the amount of the difference between the actual number of years the officer took to complete and the amount of time normally required to complete the program.   The maximum constructive service creditable for completing such a program shall be the number of years (to the nearest year) normally required to complete the advanced education or receive the advanced degree, in accordance with Sections 533 and 12207

3

*DODI 6000.13, June 30, 97*

of reference (c).   Constructive service credit may be awarded only if such advanced education or advanced degree is required as a prerequisite for original appointment as a commissioned officer in a particular officer category.

    6.1.2.  Constructive Service Credit.   This credit provides a person who begins commissioned service after obtaining the additional education, training, or experience required for appointment, designation, or assignment as an officer in a health profession, with a grade and date of rank comparable to that attained by officers who begin commissioned service after getting a baccalaureate degree and serve for the period of time it would take to obtain the additional education.   Constructive service credit shall be determined according to the following guidelines:

        6.1.2.1.  Periods of time spent on active duty or in an active status as a commissioned officer may not be counted when computing constructive service credit, except as in subparagraph 6.1.1.3., above.

        6.1.2.2.  Constructive service credit shall be awarded as follows:

            6.1.2.2.1.  Four years of constructive service credit shall be granted for completion of first professional degrees that include medical (M.D.), osteopathy (D.O.), dental (D.D.S. or D.M.D.), optometry (O.D.), podiatry (Pod.D. or D.P.), veterinary (D.V.M.), and pharmacy (Ph.D.).

            6.1.2.2.2.  Credit for master's and doctorate degrees in a health profession other than medicine and dentistry, whether it is the primary degree or an additional advanced degree, shall be awarded based on actual full-time equivalent education of up to two years for a master's degree and up to four years for a doctorate.   Credit may not include time spent in attainment of baccalaureate or other lower degrees.   No additional credit may be given for more than one advanced degree in a single field, or closely related field.   The total credit allowed for having both a master's and a doctorate degree may not exceed the maximum allowed for a doctorate.

            6.1.2.2.3.  The additional degree must add adjunctive skills to the primary specialty and must contribute directly to performance in the anticipated position in the Military Service concerned.

            6.1.2.2.4.  Year-for-year credit shall be granted for the successful completion of internship, residency, fellowship or equivalent graduate medical, dental, or other formal professional training (i.e., clinical psychology internship or dietetic internship, etc.) required by the Military Service concerned.   Training must be

4

*DODI 6000.13, June 30, 97*

approved by the appropriate accrediting agency, and may not exceed that required for certification in the specialty.   Day-for-day credit shall be awarded for approved programs of less than one year in duration.

      6.1.2.2.5.  Credit of one-half year for each year of experience, up to a maximum of three years of constructive credit, may be granted for experience in a health profession, if such experience is directly used by the Military Service concerned.   Creditable experience cannot predate the receipt of licensure, registration, or certification.   Accordingly, volunteer, or student status cannot be credited.

      6.1.2.2.6.  Additional credit in unusual cases, based on special education or experience, can be granted by the Secretary of a Military Department, or designee.   As determined by Service needs, the additional credit applies to individuals with unique qualifications that are beyond normal requirements for appointment as commissioned officers.   The amount of credit shall be one year for each year of special education or experience.   Maximum credit under subparagraph 6.1.2.2.5., above, must be earned before earning any experience credit under this paragraph.

    6.1.3.  <u>Maximum Entry Grade Credit</u>.   The total entry grade credit granted shall be no more than that required for an officer to be eligible for an original appointment in the grade of Major or Lieutenant Commander.

    6.1.4.  <u>Service Academy Graduates</u>.   Graduates of the United States Military Academy, the United States Naval Academy, or the United States Air Force Academy may not receive credit under paragraphs 6.1.1. or 6.1.2., above, for service performed, or education, training, or experience obtained before graduation from that Academy.

    6.1.5.  <u>Waivers</u>

      6.1.5.1.  When an individual is eligible for entry grade credit in excess of that required to receive an entry grade of Major or Lieutenant Commander, the Secretary of the Military Department concerned may, in individual cases, grant a waiver to entry grade credit limits if substantial reasons exist that warrant the individual to be commissioned at a higher grade than normal credit policy would allow.

      6.1.5.2. The Secretary of the Military Department concerned shall establish formal procedures to review and approve requests for entry grade credit waivers and shall ensure that waivers are consistent and equitably applied in similar circumstances.

      6.1.5.3.  In considering a waiver request, the Secretary of the Military

*DODI 6000.13, June 30, 97*

Department concerned must determine that the individual receiving the waiver possesses the overall ability to perform effectively at the higher grade level, and that the waiver would not have a detrimental effect on the efficiency and effectiveness of the individual's military assignment.

6.2. Entry Grade

6.2.1.   A person granted service credit under this Instruction and placed on the active duty list or the reserve active status list of a Military Service may have an entry grade determined by comparing entry grade credit with the currently established promotion phase points of the Military Service and officer category concerned.   Entry grade credit in excess of the minimum years of entry grade credit required to establish a specific grade (but less than the amount necessary to justify the next higher grade) shall be used to adjust the date in the entry grade (paragraph 6.1.3., above, applies).

6.2.2.   A former Regular or Reserve commissioned officer may, if otherwise qualified, be appointed or reappointed as a Reserve officer.   If so appointed, he or she may be, as follows:

6.2.2.1.   Placed on the reserve active status list of a reserve component of the Army, Navy, or Air Force in the grade equivalent to the permanent Regular or Reserve grade, and in the same competitive category, in which the person previously served satisfactorily on active duty or in an active status.

6.2.2.2.   Credited, for determining date of rank under Section 741(d) of 10 U.S.C. (reference (c)), with service in grade equal to that held by that person when discharged or separated.

6.2.3.   When a Reserve commissioned officer is transferred from an inactive status to an active status and placed on the active duty list or the reserve active status list, the Secretary of the Military Department may, effective on the date the officer is placed on either list, change the officer's date of rank to a later date, to reflect such officer's qualifications and experience, in accordance with Section 741 of reference (c).   A Reserve commissioned officer who has served continuously in the Selected Reserve (SELRES) since the officer's last promotion and is placed on the active duty list while on a promotion list, as described in Section 14317(b) of reference (c), may not have his or her date of rank changed to a later date.

6.2.4.   If the Assistant Secretary of Defense for Health Affairs (ASD(HA)) determines that the number of medical or dental officers serving in an active status in

6

*DODI 6000.13, June 30, 97*

the Reserve component of the Army, the Navy, or the Air Force in grades below Major or Lieutenant Commander is critically below the number needed by such Reserve component in such grades, the ASD(HA) may authorize the Secretary of the Military Department concerned to credit any person who is receiving an original appointment as a medical or dental officer with a period of constructive credit in such amount (besides any amount credited such person under paragraph 6.1.2., above) as shall result in the grade of such person being O-3.   That provision is effective October 1, 1996.

### 6.3.  Age

6.3.1.  The Secretary of the Military Department concerned shall prescribe regulations concerning age qualifications for the initial appointment of Reserve health profession officers designated as critically needed in wartime.   The regulations shall prescribe a maximum age qualification that is not less than 47 years of age.

6.3.2.  In accordance with Section 14703 of 10 U.S.C. (reference (c)), and with his or her consent, an officer in the Medical Corps, the Dental Corps, the Veterinary Corps, the Nurse Corps, or the Army MSC (if designated as an allied health officer, an optometrist, or a biomedical sciences officer), the AMSC, the Air Force BSC (if qualified for Service as a veterinarian, an optometrist or a podiatrist), Air Force officers designated as nurses, or the Navy MSC (if designated to perform as an optometrist, a podiatrist, or an allied health officer in the Reserves) may be retained in an active status, by the Secretary concerned, to fill a mission based requirement until, but not later than, the date on which the officer becomes 67 years of age.

6.3.3.  The Secretary concerned may defer the retirement of a Regular officer serving as a medical officer, a dental officer, an officer in the Army Nurse Corps, an officer in the Navy Nurse Corps, or an officer in the Air Force designated as a nurse, until the first day of the month following the month in which the officer becomes 68 years of age, if during the period of deferment, the officer is performing primarily patient care or other clinical duties.   If the Secretary concerned determines that continued retention is necessary for the needs of the Service, he or she may retain the officer beyond age 68 on a case-by-case basis for such period as the Secretary considers appropriate, under Section 1251 of reference (c).

6.3.4.  In accordance with Section 532 of reference (c), an individual seeking an original appointment as a commissioned officer in the Veterinary Corps, the Medical Service Corps, the Nurse Corps, or the Medical Specialist Corps of the Regular Army; the Medical Service Corps or the Nurse Corps of the Regular Navy; or the Biomedical Science Corps or as an officer designated as a nurse in the Regular Air

7

*DODI 6000.13, June 30, 97*

Force; shall not have reached his or her 35th birthday.

6.4.  F. Edward Hébert Armed Forces Health Professions Scholarship Program (AFHPSP) and Financial Assistance Program (FAP)

6.4.1.  The AFHPSP and FAP shall be administered in accordance with DoD Directive 6000.12 (reference (a)) and reference (c).  Except where specifically indicated, the term "Program" refers to both the AFHPSP and FAP.

6.4.2.  Program members shall be commissioned O-1 in the Reserve component of the sponsoring Military Department, unless eligible to hold a higher grade under statute.

6.4.3.  AFHPSP participants shall perform a period of 45 days active duty for training (ADT) during each 12-month period of participation, with full pay and allowances as an O-1, regardless of rank held.  FAP participants shall serve on active duty in a pay grade commensurate with their educational level, as determined by appointment under Section 12207 of 10 U.S.C. (reference (c)), and this Instruction, with full pay and allowances of that rank for a period of 14 days during each year of participation.  Annual ADT should be performed at the nearest military installation. FAP participants shall be detailed as students at accredited civilian institutions, located in the United States or Puerto Rico, for acquiring knowledge or training in a designated health profession.  Program participants are not authorized to drill for pay or receive pay for additional periods of active duty for training.

6.4.4.  Members of the Program shall be required to participate in prescribed military and professional training.

6.4.5.  Upon completion of their academic curriculum, Program participants shall be reappointed in their respective Services in accordance with current appointment regulations and instructions.

6.4.6.  While a member of the Program, Military Service shall not be counted, as follows:

6.4.6.1.  In determining eligibility for retirement other than by reason of a physical disability incurred while a member of the Program; or

6.4.6.2.  In computing years of Service creditable under 37 U.S.C. 205 (reference (f)).

8

*DODI 6000.13, June 30, 97*

6.4.7. Section 2121 of reference (c) entitles Program members to receive a stipend, except when serving on active duty.   Additionally, those in specialized training shall be paid an annual grant, in accordance with Section 2127 of reference (c).   Governing Federal laws and policies will determine the taxation of program entitlements.

6.4.7.1. Payment of the grant and/or stipend is authorized as of the Program member's eligibility date, which is determined by the date of execution of the oath of office, the date of execution of the Program agreement, or the date of commencement of academic curriculum, whichever is latest.

6.4.7.2. Payment of the stipend shall continue until the date of graduation or the completion of specialized training, unless the Program member is suspended or disenrolled from the designated course of study or specialized training.

6.4.7.3. Payment of the stipend shall be terminated if the date of completion of the academic program or specialized training precedes the date of graduation by more than 45 days.   Program members shall remain in an inactive duty status without pay, until they graduate and report to active duty.

6.4.8. Payment of educational and specialized training expenses incurred by a member of the Program is authorized, including tuition, fees, books, laboratory expenses, microscope rental, computer rental, laboratory and clinical coats, precious and semiprecious metals, and payments for educational services.   Payment for health insurance is authorized when required by the educational institution.   Such payments shall be limited to those educational expenses normally incurred by students at the institution, and in the health professions concerned, who are pursuing the same specialized training, but are not members of AFHPSP or FAP.   The Secretaries of the Military Departments may provide for the issue of expensive items, such as microscopes, as Government equipment on a hand-receipt basis.   Reimbursement is not authorized for room and board or nonacademic expenses, such as yearbooks, school newspapers, parking fees, and tickets for sports activities.   The Services shall establish policies and procedures for the reimbursement of educational expenses that shall be consistently applied to all Program participants.

6.4.8.1. The sponsoring Military Department shall determine whether payment of authorized expenses shall be made directly to the civilian educational institution or to the member of the Program.   Payments to educational institutions may be contracted and made without regard to Section 3324 of 31 U.S.C (reference (g)).

9

App. 86

*DODI 6000.13, June 30, 97*

6.4.8.2.  Members who enter the Program during an academic session or training year are eligible for personal reimbursement, on a prorated basis, of all normally required and authorized tuition, fees, books, educational expenses, and purchases, if they are for use during the current academic and/or training year.  Those expenses incurred and items purchased prior to the current academic and/or training year, but still in use or required to be used in the future, may be approved for reimbursement.

6.4.8.3.  When an accredited institution has increased its total enrollment solely for accepting members of the Program, the Secretaries of the Military Departments, under Section 2127(d) of 10 U.S.C. (reference (c)), may provide for additional payments to cover the portion of the increased costs of the additional enrollment not covered by the institution's normal tuition and fees.  Such payments shall be made under a contract with the institution.  The Secretaries of Military Departments shall obtain the approval of the ASD(HA) before entering into such a contract.

6.4.9.  Each Program member shall incur an eight year service obligation, a portion of which shall be an active duty obligation (ADO).  Time spent in military internship or residency training shall not be creditable in satisfying the ADO.  The ADO portion for an AFHPSP participant shall consist of at least two years, or one-half year for each half year of AFHPSP sponsorship, whichever is greater.  The ADO for a FAP participant shall be two years, or the actual number of years of FAP sponsorship plus one year, whichever is greater.  The remaining service obligation beyond the ADO or SELRES portion shall be served in the Individual Ready Reserve (IRR), unless the Secretary of the Military Department concerned and the Program member mutually agree that said portion, or a part thereof, shall be served on active duty.  That portion of the obligation shall be served at the completion of any additional ADO incurred for graduate professional education (GPE).  Also subject to mutual agreement, the participant may fulfill the IRR Service period in the SELRES.

6.4.10.  A Program member who is dropped for deficiency in conduct or studies, or for other reasons fails to fulfill his or her contractual agreement as a result of action not initiated by the Government, shall either:

6.4.10.1.  Complete his or her incurred ADO in an appropriate military capacity, or

6.4.10.2.  Reimburse the Government for all tuition and other

10

App. 87

*DODI 6000.13, June 30, 97*

educational costs incurred, or a portion thereof, as determined by the Secretary of the Military Department.   That requirement may be waived by the Secretary of the Military Department as being in the best interest of the Government.

6.4.11.  The Secretary of the Military Department may relieve a member who is dropped from the Program of any military obligations when such action would be in the best interest of the Military Service.   Such action shall not relieve the member of any military obligation imposed by any other law.

6.4.12.  A member may not serve any part of a military obligation incurred by participation in this Program concurrently with any other military obligation.

6.4.13.  A member of the Program who is relieved of his or her active duty obligation before the completion of that active duty obligation may be given, with or without the consent of the member, any of the following alternative obligations, as determined by the Secretary of the Military Department concerned:

6.4.13.1.  A service obligation in another armed force for a period of time not less than the member's remaining active duty service obligation.

6.4.13.2.  A service obligation in a component of the SELRES for a period not less than twice as long as the member's remaining active duty service obligation.

6.4.13.3.  Repayment to the Secretary of Defense of a percentage of the total cost incurred by the Secretary, on behalf of the member, equal to the percentage of the member's total active duty service obligation being relieved, plus interest.

6.4.14.  In addition to the alternative obligations specified in paragraph 6.4.11., above, if the member is relieved of an active duty obligation by reason of his or her separation because of a physical disability, the Secretary of the Military Department concerned may give the member a service obligation as a civilian employed as a health care professional in a facility of the uniformed services for a period of time equal to the member's remaining active duty service obligation.

6.4.15.  To be eligible for the Program, a person must be a citizen of the United States and must be accepted for admission to, or enrolled in, an institution in a course of study or selected to receive specialized training, and meet the requirements for appointment as a commissioned officer.

6.4.16.  Each Program participant must sign a contractual agreement with the

11

App. 88

*DODI 6000.13, June 30, 97*

particular Service that shall stipulate the student shall do the following:

    6.4.16.1.  Complete the educational phase of the Program.

    6.4.16.2.  Accept an appropriate reappointment or designation in his or her Military Service, if tendered, based on the health profession, following satisfactory completion of the Program.

    6.4.16.3.  Participate in the intern program of his or her Military Service if selected for such participation.

    6.4.16.4.  Participate in the residency program of his or her Military Service, if selected, or deferred from active duty for the period required to complete civilian residency, if selected for such training.

    6.4.16.5.  Participate in prescribed military training.

    6.4.16.6.  Comply with all other requirements of the Program.

    6.4.17.  Pursuant to Section 2125 of 10 U.S.C. (reference (c)), members of the Program shall not be counted against any prescribed military strengths.

    6.5.  <u>Health Professions Special Pays</u>.   Health professions special pays authorized by 37 U.S.C. (reference (f)) are additional to any other pay or allowance to which an officer is entitled.   The amount of special pay to which an officer is entitled or authorized under any of such sections may not be included in computing the amount of any increase in pay authorized by reference (f) or in computing retired pay, separation pay, severance pay, or readjustment pay.   Policy and procedures for the various special pays are prescribed in both statute and Departmental policy memorandum, as indicated below.

    6.5.1.  <u>Medical Officers</u>.   Variable, additional, and board certified pay for medical officers shall be in accordance with Section 302(a) of reference (f). Multiyear special pay and incentive special pay for medical officers shall be in accordance with Sections 301(d) and 302(b) of reference (f), and the MSP/ISP Physician Pay Plan promulgated annually by ASD(HA).

    6.5.2.  <u>Dental Officers</u>.   Variable, additional, and board certified pay for dental officers shall be in accordance with Section 302b of reference (f), as amended by the Fiscal Year 1997 National Defense Authorization Act (NDAA), and reference (i).   The dental officer accession bonus shall be in accordance with Section 302g of

12

reference (f), and reference (j).

     6.5.3.  Nurse Officers.   The nurse accession bonus and incentive special pay for certified registered nurse anesthetists shall be in accordance with Sections 302(d) and 302(e) of 37 U.S.C. (reference (f)), and reference (k).  Nurse officers who are health care providers are eligible for nonphysician board certified pay, as prescribed by Section 302c of reference (f), as amended by the Fiscal Year 1996 NDAA, and reference (l).

     6.5.4.  Other Health Professionals.   Special pay for optometrists and veterinarians shall be in accordance with Sections 302a and 303 of reference (f). Nonphysician health care provider board certified pay shall be in accordance with Section 302c of reference (f), and references (m), (n), (o), and (p).

    6.6.  Minimum Terms of Service and ADOs for Health Professions Officers

     6.6.1.  The minimum term of service for first-term personnel shall be two years following internship for physicians and three years for other health professions officers.   The minimum term is not additive to ADOs incurred for education or training.   Prior active duty and internship or any other initial qualifying training program may not count toward fulfilling the minimum term of service.

     6.6.2.  No portion of an ADO may be satisfied, as follows:

       6.6.2.1.  By prior military service.

       6.6.2.2.  During any period of long-term health or health-related education or training.

       6.6.2.3.  Concurrently with any other ADO or with an obligation incurred for DoD-subsidized pre-professional (undergraduate) education or training, or prior long-term health or health-related education or training, unless otherwise specified in this Instruction.

     6.6.3.  ADOs for GPE for physicians, dentists, and veterinarians (includes only residencies and fellowships) shall be, as follows:

       6.6.3.1.  In a Military Facility.   A member shall incur an ADO of one-half year for each half year, or portion thereof, but the minimum ADO shall be not less than two years.   That ADO may be served concurrently with other ADOs or with obligations incurred for DoD-sponsored pre-professional (undergraduate) education or

13

DODI 6000.13, June 30, 97

training or prior long-term health or health-related education or training.

      6.6.3.2.  In a Civilian Facility.   A member subsidized by the Department of Defense during training in a civilian facility shall incur an ADO of one-half year for each half year, or portion thereof, but the minimum ADO shall not be less than two years.  The Secretary of the Military Department may permit the last half of the incurred obligation to be satisfied by service in the SELRES for a time period equal to the remaining ADO.

      6.6.4.  ADOs for all other long-term health or health-related education and training programs shall be, as follows:

      6.6.4.1.  Participants of partly funded long-term undergraduate (leading to a baccalaureate degree), or partly funded nondegree education and training in a civilian institution (participants receive only pay and allowances from their Military Department) shall incur an ADO of two years for the first two years, or portion thereof.  Participation for periods in excess of two years shall result in an additional ADO of one-half year for each additional half year, or portion thereof.

      6.6.4.2.  Participants of fully funded long-term undergraduate (leading to a baccalaureate degree), or fully funded nondegree education or training in a military or civilian institution (participants receive pay and allowances plus tuition and other expenses from their Military Department), shall incur an ADO of two years for the first year or portion thereof.   Participation for periods in excess of one year shall result in an additional ADO of one-half year for each additional half year, or portion thereof.

      6.6.4.3.  Participants of long-term graduate (leading to a master's or doctoral degree) education and training in a military or civilian institution shall incur an ADO of three times the length of the education or training for the first year, or portion thereof, unless such degree is incidental to the completion of an established residency or fellowship program; i.e., aerospace medicine.  Additional ADOs for participation in excess of one year shall be one-half year for each half year, or portion thereof.

      6.6.5.  ADO's for all health care provider special pays, which require a contractual agreement, shall be in accordance with 37 U.S.C. (reference (f)) and as prescribed by ASD(HA).

6.7.  Health Manpower and Personnel Data System (HMPDS)

      6.7.1. The Department of Defense shall maintain the HMPDS as a

## CERTIFICATE OF FILING AND SERVICE

I hereby certify under penalty of perjury that on April 5, 2013, I caused to be served by

United States mail (First-Class, postage prepaid), a copy of "DEFENDANT'S MOTION FOR

JUDGMENT UPON THE ADMINISTRATIVE RECORD AND MOTION FOR PARTIAL

DISMISSAL OF PLAINTIFF'S COMPLAINT," to the address listed below:

JACOB OBERSTEIN
10101 Grosvenor Place, Apt. 904
Rockville, MD 20852
Tel: (347) 526-4399